**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TEXAS BRINE COMPANY, LLC** | * | **LEAD CASE NO. 15-01102** |
| | * | **C/W CASE NO. 15-03324** |
| **VERSUS** | * | **APPLIES TO ALL CASES** |
| | * | **JUDGE KURT D. ENGELHARDT** |
| **THE DOW CHEMICAL COMPANY,** | * | |
| **DOW HYDROCARBONS & RESOURCES,** | | **MAGISTRATE SALLY** |
| **LLC, AND CLIFTON LAND CORPORATION** | * | **SHUSHAN** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

TO:    **The Dow Chemical Company**
        *Through its Counsel of Record*
        John Allain Viator
        Bienvenu, Bonnecaze, Foco, Viator & Holinga, APLLC
        4210 Bluebonnet Boulevard
        Baton Rouge, Louisiana 70809

Texas Brine Company, LLC ("TBC") hereby responds to the Second Set of Requests for

Admission, Interrogatories, and Requests for Production of Documents ("Discovery") propounded

by The Dow Chemical Company ("Dow") as follows:

**GENERAL OBJECTIONS**

1.    All the responses set forth below are (subject to the qualifications identified) based solely

        upon the information and documents presently available to TBC.  Formal and informal

        discovery will continue as long as permitted by statute, rule, or stipulation of the parties,

        and the investigation by TBC, TBC's attorneys, and TBC's agents will continue throughout

        the trial of this action.  As that investigation and discovery proceeds, witnesses, facts,

        documents, and evidence may be discovered that are not set forth herein but that may be

        responsive to the Discovery.  The following responses are given without prejudice to

1

TBC's right to alter or amend these responses as the result of subsequently discovered evidence and to present evidence at trial, including, but not limited to, expert testimony, discovered or obtained after the date of these responses.  TBC reserves the right to supplement its responses to the Discovery in the future.

2.    Nothing herein shall be construed as an admission by TBC with respect to the admissibility or relevance of any documents produced.

3.    TBC objects to the Discovery to the extent it seeks information that is in the public domain and/or to which Dow has equal or greater access.

4.    TBC objects to the Discovery to the extent it seeks the disclosure or production of confidential, proprietary, trade secret, and/or constitutionally protected business information or documents.  TBC further objects to the Discovery to the extent it seeks confidential sensitive financial information, including personal financial information, tax documents, confidential financial information, trade secret financial information, and/or bank records, all of which must be narrowly tailored to the discrete issues presented by the case to avoid undue burden, undue hardship, loss, damage, annoyance, and embarrassment, and all of which are protected from disclosure unless the requesting party has shown good cause.

5.    TBC objects to the Discovery to the extent it seeks information or documents the production of which would violate any constitutional, statutory, or other privacy interest of any current or former employee or representative of TBC or any other person or entity.

6.    TBC objects to the Discovery to the extent it seeks the production of information or documents that are protected by the attorney client privilege, work product doctrine, and/or any other applicable privilege or protection, including information obtained by or on behalf

of counsel for TBC in preparation for this litigation, or documents prepared in anticipation of this litigation and/or subsequent to the time this litigation was filed.  TBC considers all communications and documents generated in preparation for this litigation on or after the date the lawsuit was filed as privileged and/or protected work product, not subject to production or inclusion in a privilege log.

7.      TBC objects to the Discovery to the extent it contains vague and/or ambiguous terms.  TBC further objects to the Discovery to the extent it is vague, ambiguous, overbroad, unduly burdensome, harassing, and/or seeking information that is irrelevant to the subject matter involved in this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.  TBC further objects to the Discovery to the extent it assumes allegations are accepted facts, and to the extent the Discovery calls for speculation.  TBC further objects to the Discovery to the extent that it is premature.

8.      TBC's responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time to any other discovery procedure related to the subject matter of the Discovery.

9.      TBC incorporates the foregoing General Objections into each and every objection and/or individualized response contained herein and set forth below and into each and every amendment, supplement, and/or modification to these responses hereinafter provided to the specific request.  TBC does not waive any General Objections in response to any specific request.

**All information produced herewith or referenced herein that is not already part of the public record is produced subject to the September 29, 2015 Protective Order in this matter and designated as "Confidential- Subject to Protective Order."**

### RESPONSES TO SECOND REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Considering your response to Interrogatory 6 to Dow's First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents, please admit that prior to April 6, 2014, Texas Brine Company had knowledge that it owned the property in Section 46, Township 12 South, Range 13 East, Assumption Parish, Louisiana which is shaded in on the map attached to the Complaint as Exhibit 1 [Rec. Doc. 1-1].

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Denied as written.  TBC objects to the term "knowledge" as vague, ambiguous, and calling for a legal conclusion.  As demonstrated in a April 17, 2014 internal TBC e-mail drafted by John Sergo previously produced as TBC-1183, TBC was in the process of ongoing due diligence regarding the boundary lines of the property it owned in Section 46 at the Napoleonville salt dome at that time.

### REQUEST FOR ADMISSION NO. 2:

Considering your response to Interrogatory 6 to Dow's First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents, please admit that prior to April 6, 2014, Texas Brine Company was in possession of documents proving or establishing Texas Brine Company, LLC's fee ownership of the property in Section 46, Township 12 South, Range 13 East, Assumption Parish, Louisiana which is shaded in on the map attached to the Complaint as Exhibit 1 [Rec. Doc. 1-1].

4

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied as written.  TBC objects to Request for Admission No. 2 as vague and ambiguous. The general reference to unidentified documents in Request for Admission No. 2 renders it impossibly vague.  TBC further objects to the terms "proving" and "establishing" as vague, ambiguous, and calling for a legal conclusion.  Without waiving such objections, see TBC's responses to the below Interrogatories Nos. 1 and 2.

## RESPONSES TO SECOND INTERROGATORIES

**INTERROGATORY NO. 1:**

Considering your response to Interrogatory 6 to Dow's First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents, please identify all plats, maps, surveys, title opinions, or deeds or other documents in Your possession that depict or describe the property boundaries of Texas Brine Company, LLC property in Section 46, Township 12 South, Range 13 East, Assumption Parish, Louisiana at issue in this litigation.  Specifically, this interrogatory is concerned with the northern boundary of Texas Brine Company's property, shaded in on the map attached to the Complaint as Exhibit 1 [Rec. Doc. 1-1], which Texas Brine Company alleges to be encroached upon by the cavern associated with Dow number 18.

**RESPONSE TO INTERROGATORY NO. 1:**

TBC objects to Interrogatory No. 1 to the extent it seeks information subject to the attorney-client privilege and/or work product protection.  TBC further objects to Interrogatory No. 1 as vague, ambiguous, overbroad and unduly burdensome.  TBC has already produced hundreds of pages of documents and those documents speak for themselves.  TBC is not required by the Federal Rules to engage in the unduly burdensome task of searching through documents it has produced and determine whether a given document meets Dow's vague and undefined phrase "depict or

5

describe the property boundaries." *See, e.g. Breeland v. Yale & Town Mfg. Co.*, 26 F.R.D. 119, 120 (E.D.N.Y. 1960) ("[I]nterrogatories are not to be used in an oppressive manner. An adverse party should not be required to perform burdensome labors or to execute difficult and expensive tasks, in searching for facts and classifying and compiling data. A litigant may not compel his adversary to go to work for him." (quoting *Aktiebolaget Vargos v. Clark*, 8 F.R.D. 635, 636 (D.D.C. 1949).

TBC specifically objects to the phrase "depict or describe" as vague and ambiguous. TBC does not admit the accuracy or precision of any measurements or other indices related to the property boundaries at issue contained in any documents produced by TBC, either previously or herewith. TBC does not make any judgments or representations as to the contents of any documents containing boundary lines that it has produced, either previously or herewith. The April 17, 2014 e-mail drafted by John Sergo, produced as TBC-1183, demonstrates that, before that date, the precise boundaries of TBC's property were not clearly understood and TBC was in the process of ongoing due diligence regarding the location of its property boundaries at the time of that e-mail.

Without waiving such objections, the following additional documents produced herewith contain boundary lines: TBC-1530-1630.

**INTERROGATORY NO. 2:**

Considering your response to Interrogatory 6 to Dow's First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents, please identify with particularity the date that you **first** obtained each document identified in Interrogatory Number 1 of Dow's Second Set of Requests for Admission, Interrogatories and Requests for Production of Documents.

6

**RESPONSE TO INTERROGATORY NO. 2:**

TBC objects to Interrogatory No. 2 to the extent it seeks information subject to the attorney-client privilege and/or work product protection.  TBC further objects to Interrogatory No. 2 as vague, ambiguous, overbroad, and unduly burdensome.  TBC has already produced hundreds of pages of documents and these documents speak for themselves.  TBC is not required by the Federal Rules to engage in the unduly burdensome task of searching through documents it has produced and determine whether a given document meets Dow's vague and undefined phrase "depict or describe" as stated in Interrogatory No. 1, referenced by this Interrogatory.  *See, e.g. Breeland v. Yale & Town Mfg. Co.*, 26 F.R.D. 119, 120 (E.D.N.Y. 1960) ("[I]nterrogatories are not to be used in an oppressive manner.  An adverse party should not be required to perform burdensome labors or to execute difficult and expensive tasks, in searching for facts and classifying and compiling data.  A litigant may not compel his adversary to go to work for him." (quoting *Aktiebolaget Vargos v. Clark*, 8 F.R.D. 635, 636 (D.D.C. 1949).

TBC also objects to the term "obtained" as vague and ambiguous, to the extent that any documents containing property boundaries were created or generated by TBC-affiliated personnel.  Without waiving such objections, see documents identified in Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Please identify all internal correspondence, external correspondence, memoranda, or other documents associated with the investigation into the location of the boundary lines for the properties owned by Texas Brine Company, LLC referenced in your response to Interrogatory 6 to Dow's First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents and the April 17, 2014 email drafted by John Sergo, labeled as TBC-1183.

**RESPONSE TO INTERROGATORY NO. 3:**

TBC objects to Interrogatory No. 3 to the extent it seeks information protected by the attorney-client privilege and/or work product protection.  TBC further objects to Interrogatory No. 3 as vague, ambiguous, overbroad, and unduly burdensome.  The phrase "associated with," like the phrase "related to," is so vague and ambiguous as to frustrate TBC's ability to respond appropriately because "as many a curbstone philosopher has observed, everything is related to everything else." *See California Division of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.*, 117 S.Ct. 832, 843 (1997) (J. Scalia, concurring).

Without waiving such objection, the document previously produced as TBC-1503 was generated by TBC-affiliated personnel and attached to the email drafted by John Sergo, labeled as TBC-1183.

**INTERROGATORY NO. 4:**

If your response to Request for Admission Number 2 is anything other than an unqualified admission, please identify every document obtained after April 6, 2014 which put Texas Brine Company, LLC on notice that it owned the property in Section 46, Township 12 South, Range 13 East, Assumption Parish, Louisiana which is shaded in on the map attached to the Complaint as Exhibit 1 [Rec. Doc. 1-1].

**RESPONSE TO INTERROGATORY NO. 4:**

TBC objects to Interrogatory No. 4 to the extent it seeks information subject to the attorney-client privilege and/or work product protection.  TBC further objects to the term "notice" as vague, ambiguous, and calling for a legal conclusion.  Without waiving such objections, TBC refers to, as an example, John Sergo's April 17, 2014 e-mail found at document TBC-1183 as demonstrating

TBC's due diligence in determining the location of the boundaries of properties owned by TBC up to and including the date of that e-mail.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Please produce a copy of each document identified in your response to Interrogatory Number 1 of Dow's Second Set of Requests for Admission, Interrogatories and Requests for Production of Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In response to Request for Production No. 1, TBC incorporates its objections to Interrogatories Nos. 1 and 2. Without waiving such objections, see documents produced herewith Bates labelled TBC-1530-1630.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a copy of each document identified in your response to Interrogatory Number 2 of Dow's Second Set of Requests for Admission, Interrogatories and Requests for Production of Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In response to Request for Production No. 2, TBC incorporates its objections to Interrogatory No. 2. Without waiving such objections, see response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce a copy of each document identified in your response to Interrogatory Number 3 of Dow's Second Set of Requests for Admission, Interrogatories and Requests for Production of Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In response to Request for Production No. 3, TBC incorporates its objections to Interrogatory No. 3.  Without waiving such objections, see response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce a copy of each document identified in your response to Interrogatory Number 4 of Dow's Second Set of Requests for Admission, Interrogatories and Requests for Production of Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In response to Request for Production No. 4, TBC incorporates its objections to Interrogatory No. 4.  Without waiving such objections, see response to Interrogatory No. 4.

/s/ James M. Garner
LEOPOLD Z. SHER # 12014
JAMES M. GARNER # 19589
THOMAS J. MADIGAN # 28132
ERIC J. BLEVINS # 34209
**SHER GARNER CAHILL RICHTER KLEIN &
HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
E-mail:  jgarner@shergarner.com
**ATTORNEYS FOR TEXAS BRINE
COMPANY, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of March, 2016, a copy of the above and foregoing

has been served via electronic mail on all counsel of record.


/s/ James M. Garner
JAMES M. GARNER