## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TEXAS BRINE COMPANY, LLC AND LOUISIANA SALT, LLC** | * | **LEAD CASE: NO. 15-1102** |
| | * | **C/W CASE NO. 15-3324** |
| | * | **APPLIES TO ALL CASES** |
| **VERSUS** | | |
| | * | **JUDGE KURT D. ENGELHARDT** |
| **THE DOW CHEMICAL COMPANY,** | * | |
| **DOW HYDROCARBONS & RESOURCES,** | | **MAGISTRATE JANIS** |
| **LLC, AND CLIFTON LAND CORPORATION** | * | **VAN MEERVELD** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### LOUISIANA SALT, LLC'S RESPONSES TO DOW'S FIRST SET OF DISCOVERY

**TO:**   **The Dow Chemical Company**
  *Through its Counsel of Record*
  John Allain Viator
  Bienvenu, Bonnecaze, Foco, Viator & Holinga, APLLC
  4210 Bluebonnet Boulevard
  Baton Rouge, Louisiana 70809

Louisiana Salt, LLC ("Louisiana Salt") hereby responds to the First Set of Interrogatories and Requests for Production of Documents ("Discovery") propounded by The Dow Chemical Company ("Dow") as follows:

### GENERAL OBJECTIONS

1.    All the responses set forth below are (subject to the qualifications identified) based solely upon the information and documents presently available to Louisiana Salt. Formal and informal discovery will continue as long as permitted by statute, rule, or stipulation of the parties, and the investigation by Louisiana Salt, Louisiana Salt's attorneys, and Louisiana Salt's agents will continue throughout the trial of this action. As that investigation and discovery proceeds, witnesses, facts, documents, and evidence may be discovered that are not set forth herein but that may be responsive to the Discovery. The following responses

Exhibit D

are given without prejudice to Louisiana Salt's right to alter or amend these responses as the result of subsequently discovered evidence and to present evidence at trial, including, but not limited to, expert testimony, discovered or obtained after the date of these responses.  Louisiana Salt reserves the right to supplement its responses to the Discovery in the future.

2.      Nothing herein shall be construed as an admission by Louisiana Salt with respect to the admissibility or relevance of any documents produced.

3.      Louisiana Salt objects to the Discovery to the extent it seeks information that is in the public domain and/or to which Dow has equal or greater access.

4.      Louisiana Salt objects to the Discovery to the extent it seeks the disclosure or production of confidential, proprietary, trade secret, and/or constitutionally protected business information or documents.  Louisiana Salt further objects to the Discovery to the extent it seeks confidential sensitive financial information, including personal financial information, tax documents, confidential financial information, trade secret financial information, and/or bank records, all of which must be narrowly tailored to the discrete issues presented by the case to avoid undue burden, undue hardship, loss, damage, annoyance, and embarrassment, and all of which are protected from disclosure unless the requesting party has shown good cause.

5.      Louisiana Salt objects to the Discovery to the extent it seeks information or documents the production of which would violate any constitutional, statutory, or other privacy interest of any current or former employee or representative of Louisiana Salt or any other person or entity.

6.      Louisiana Salt objects to the Discovery to the extent it seeks the production of information or documents that are protected by the attorney client privilege, work product doctrine, and/or any other applicable privilege or protection, including information obtained by or on behalf of counsel for Louisiana Salt in preparation for this litigation, or documents prepared in anticipation of this litigation and/or subsequent to the time this litigation was filed.   Louisiana Salt considers all communications and documents generated in preparation for this litigation on or after the date the lawsuit was filed as privileged and/or protected work product, not subject to production or inclusion in a privilege log.

7.      Louisiana Salt objects to the Discovery to the extent it contains vague and/or ambiguous terms.   Louisiana Salt further objects to the Discovery to the extent it is vague, ambiguous, overbroad, unduly burdensome, harassing, and/or seeking information that is irrelevant to the subject matter involved in this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.   Louisiana Salt further objects to the Discovery to the extent it assumes allegations are accepted facts, and to the extent the Discovery calls for speculation.   Louisiana Salt further objects to the Discovery to the extent that it is premature.

8.      Louisiana Salt responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time to any other discovery procedure related to the subject matter of the Discovery.

9.      Louisiana Salt objects to the discovery requests to the extent that they attempt to require the production by Louisiana Salt of documents in the possession or under the control of persons or entities legally distinct from Louisiana Salt.

10.     Louisiana Salt incorporates the foregoing General Objections into each and every objection and/or individualized response contained herein and set forth below and into each and every amendment, supplement, and/or modification to these responses hereinafter provided to the specific request.  Louisiana Salt does not waive any General Objections in response to any specific request.

**INTERROGATORY NO. 1:**

Please state the name, address, and relationship to Louisiana Salt, LLC of every person you know to have knowledge of any facts relevant to the claims or defenses of any party to this litigation.  For each person, please provide the individual's address, employer, position, and a summary of the facts known by each individual.

**RESPONSE TO INTERROGATORY NO. 1:**

Louisiana Salt objects to Interrogatory No. 1 as vague, ambiguous, and overbroad. Without waiving such objections Louisiana Salt identifies the following person:

- James Dobson, President of Louisiana Salt;

- Wayne Sneed;

- Joel Warneke;

- Brian Rapp;

- Matt Slezak;

- Ted Grabowski;

- AB Trevino;

- Andrew McKay;

- Mark Cartwright;

- Jeff McCartney;

- John Sergo.

## INTERROGATORY NO. 2:

Please provide the name, address, telephone number, and a summary of expected testimony for each fact witness you may call at trial.

## RESPONSE TO INTERROGATORY NO. 2:

Louisiana Salt objects to Interrogatory No. 2 as vague, ambiguous, overbroad, and premature. Louisiana Salt reserves the right to identify witnesses in compliance with the Court's February 23, 2017 Order. Without waiving such objections, see response to Interrogatory No. 1.

## INTERROGATORY NO. 3:

Please provide the name, address, telephone number, and area of expertise for every expert witness you may call at trial. For each expert identified, please provide a summary of their expected testimony.

## RESPONSE TO INTERROGATORY NO. 3:

Louisiana Salt objects to Interrogatory No. 3 as vague, ambiguous, and overbroad. Louisiana Salt reserves the right to identify witnesses in compliance with the Court's February 23, 2017 Order. Without waiving such objection, Louisiana Salt's co-plaintiff, Texas Brine Company, LLC has previously produced a Rule 26-compliant expert report of Charles Chabannes produced January 13, 2017[1] in connection with this matter. Louisiana Salt will also

---

[1] The report was inadvertently dated January 13, 2016.

rely on the opinions expressed in that report.  See also Rule-26 compliant expert reports of Charles Chabannes, Joel Warneke, R. Wayne Sneed, and Holly Sharp produced June 15, 2017.

**INTERROGATORY NO. 4:**

Please provide the name, address, telephone number, and area of expertise for every expert you have retained as a consultant in this litigation, even if you do not intend to call him or her at trial.

**RESPONSE TO INTERROGATORY NO. 4:**

Louisiana Salt objects to Interrogatory No. 4 as overbroad and to the extent it seeks information protected by the attorney-client privilege and/or work product protection.  Without waiving such objection:

- Michael Truax, 3045 Ridgelake Dr., Ste. 100, Metairie, LA 70002

**INTERROGATORY NO. 5:**

Please identify with specificity every document Louisiana Salt relied upon in drafting Third Supplemental, Amended and Restate Complaint filed on February 9, 2017.  For each document listed, please provide the date the document was drafted, the date TBC received each document, and any previous versions of each document.

**RESPONSE TO INTERROGATORY NO. 5:**

Louisiana Salt objects to Interrogatory No. 5 as vague, ambiguous, overbroad, and unduly burdensome.  Louisiana Salt further objects to the extent Interrogatory No. 5 seeks information protected by the attorney-client privilege and/or work product protection.  Without waiving such objections, see documents produced at TBC-0001-4676, documents produced by Dow, and all expert reports of Charles Chabannes, Joel Warneke, R. Wayne Sneed, and Holly Sharp.

**INTERROGATORY NO. 6:**

Please identify your correct name, as well as all of Louisiana Salt's prior names and predecessor entities.  For each entity identified, please include the date of incorporation, any prior names (including the dates during which the prior names were in effect), any mergers (including the dates of such mergers), and any acquisitions (including the dates of such acquisitions).

**RESPONSE TO INTERROGATORY NO. 6:**

Louisiana Salt objects to Interrogatory No. 6 to the extent it seeks information publically available and/or to which Dow has equal access.  Without waiving such objections, Louisiana Salt has no prior names or predecessors.  Its correct legal name is "Louisiana Salt, LLC."

**INTERROGATORY NO. 7:**

Please identify each person who has supplied any information or assisted in locating any documents or tangible things used in answering or responding to this discovery, and provide a year-by-year list of all positions or job titles held by each person.

**RESPONSE TO INTERROGATORY NO. 7:**

Louisiana Salt objects to Interrogatory No. 7 as vague, ambiguous, overbroad, and unduly burdensome.  Louisiana Salt further objects to the extent Interrogatory No. 7 seeks information protected by the attorney-client privilege and/or work product protection.  Without waiving such objections, see response to Interrogatory No. 1.

**INTERROGATORY NO. 8:**

Please describe with specificity the legal relationship between Texas Brine Company, LLC and Louisiana Salt, LLC.

**RESPONSE TO INTERROGATORY NO. 8:**

Louisiana Salt objects to Interrogatory No. 8 as vague and ambiguous.  Louisiana Salt specifically objects that the term "legal relationship" is vague, ambiguous, and confusing. Without waiving such objections, Louisiana Salt, LLC and Texas Brine Company, LLC are distinct limited liability companies.

**INTERROGATORY NO. 9:**

Please identify the date Louisiana Salt, LLC first discovered that the Dow #18 Cavern might be within 100 feet of the northern property line of the Property.

**RESPONSE TO INTERROGATORY NO. 9:**

Louisiana Salt objects to Interrogatory No. 9 as vague, ambiguous, confusing, and calling for legal conclusions.  Louisiana Salt specifically objects to the terms "discovered" and "might be" as so vague and confusing as to frustrate its ability to respond.  Without waiving such objections, Louisiana Salt acquired the property at issue in this litigation (the "Property") through an Act of Sale executed by Louisiana Salt on September 16th, 2016.  See TBC-4662-4676.

**INTERROGATORY NO. 10:**

Please identify all solution-mining wells which are owned or operated by Louisiana Salt, LLC.

**RESPONSE TO INTERROGATORY NO. 10:**

Louisiana Salt does not currently own or operate any solution-mining wells.  Louisiana Salt holds the Property as a future solution-mining asset.

**INTERROGATORY NO. 11:**

Please provide the following information regarding Louisiana Salt, LLC's business:

a. The date Louisiana Salt, LLC was formed;

b. Louisiana Salt, LLC's topical areas of operations;

c. The gross revenue generated by Louisiana Salt from January 1, 2014 through December 31, 2016 from owning or operating solution mining wells;

d. The percentage of Louisiana Salt, LLC's gross revenue attributed to owning or operating solution-mining wells from January 1, 2014 through December 31, 2016.

**RESPONSE TO INTERROGATORY NO. 11:**

Louisiana Salt objects to Interrogatory No. 11 as vague and ambiguous.  Louisiana Salt further objects to the extent Interrogatory No. 11 requests information that is publically available and/or to which Dow has equal access.   Without waiving such objections, Louisiana Salt responds as follows:

Louisiana Salt was formed on December 18, 2014.  Louisiana Salt holds the Property as a future solution-mining asset.  Louisiana Salt does not currently own or operate any solution-mining wells.

**INTERROGATORY NO. 12:**

Has a notice of a cavern's proximity to property pursuant to La. Administrative Code §43:3315(B)(1) ever been sent for a cavern owned or operated by you?  If so, please provide the dates of such notices, a description of the property involved in such notices, and the remedial measures (if any) which were undertaken by you.

9

**RESPONSE TO INTERROGATORY NO. 12:**

TBC objects to Interrogatory No. 12 as vague and ambiguous.  Without waiving such objections, none.

**INTERROGATORY NO. 13:**

Please outline and describe any communications between Louisiana Salt, LLC and Texas Brine Company, LLC pertaining to the Property, including but not limited to the following:

    a. The condition of the Property, including but not limited to the proximity of the exterior wall of the Dow #18 Cavern to the property boundary;

    b. All calculations and/or valuations of salt reserves on the Property;

    c. The Dow #18 Well and the Dow#18 Cavern;

    d. Potential encroachments by any solution-mining caverns on any property owned by TBC;

    e. Any potential encroachments upon adjoining property by solution-mined caverns owned or operated by TBC upon;

    f. All maps, drawings, surveys, plats, or other schematics of the Property;

    g. The potential number of solution mining caverns that could be located on TBC's Property and the design parameters of such caverns; and

    h. Other valuable consideration given by TBC to Louisiana Salt, LLC for TBC's Property.

**RESPONSE TO INTERROGATORY NO. 13:**

Louisiana Salt objects to Interrogatory No. 13 as vague, ambiguous, and overbroad. Louisiana Salt specifically objects to the request for "[o]ther valuable consideration given by TBC to Louisiana Salt, LLC for TBC's Property" as so confusing as to frustrate Louisiana Salt's

ability to respond.  Louisiana Salt further objects to Interrogatory No. 13 to the extent it seeks information protected by the attorney-client privilege and/or work product protections. Louisiana Salt specifically objects to any request for communications by and between TBC and Louisiana Salt, including communications with their lawyers, regarding the litigation because such communications are protected by the attorney-client privilege under the "common interest" doctrine established by the United States Court of Appeal for the Fifth Circuit.  *See BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Estate Advisor, Inc.*, 614 Fed. Appx. 690 (5th Cir. 2015).

Without waiving such objections, and in the spirit of cooperation, see documents produced at TBC-2218-2221, 4581-4661.  See also document previously produced at TBC-1596.

## INTERROGATORY NO. 14:

Please identify all investigations conducted by or on behalf of Louisiana Salt, LLC into whether the exterior cavern wall of any solution-minded caverns owned or operated by Louisiana Salt, LLC were located within 100 feet of property owned by others on the Napoleonville Salt Dome within the five years preceding April 7, 2015.  For the purposes of this interrogatory, it is immaterial whether such investigation was conducted directly in response to the revision of Administrative Code article 43:3315.  For each investigation, please provide:

a.   The dates the investigation commenced and terminated;

b.   If the investigation was conducted by Louisiana Salt, LLC or one of its subsidiaries, the person in charge of conducting the investigation;

c.   If the investigation was conducted by a third party, the entity charged with conducting the investigation;

d.   The serial number of the well investigated;

e.  Whether the investigation concluded that the solution-mined cavern extended to within 100 feet of property owned by a third party;

f.  If the investigation concluded that a solution-mined cavern was located within 100 feet of the property boundary, please describe all remedial steps taken by Louisiana Salt, LLC;

g.  Whether notice of any potential encroachment was sent to a third party landowner as a result of the investigation; and

h.  All data sets, maps, plats, schematics, or other documentation or information relied upon in assessing whether the solution-mined cavern was within 100 feet of property owned by a third party.

**RESPONSE TO INTERROGATORY NO. 14:**

Louisiana Salt objects to Interrogatory No. 14 as vague, ambiguous, overbroad, and unduly burdensome.  Louisiana Salt further objects to the extent Interrogatory No. 14 seeks information protected by the attorney-client privilege and/or work product protection.  Without waiving such objection, see Response to Interrogatory No. 10.

**INTERROGATORY NO. 15:**

Please identify all investigations conducted by or on behalf of Louisiana Salt, LLC into whether the exterior cavern wall of any solution-mined caverns owned or operated by entities other than Louisiana Salt, LLC were located within 100 feet of property owned by Louisiana Salt, LLC within the five years preceding April 7, 2015.  For the purposes of this interrogatory, it is immaterial whether such investigation was conducted directly in response to the revision of Administrative Code article 43:3315.  For each investigation, please provide:

a.  The dates the investigation commenced and terminated;

    b.  If the investigation was conducted by Louisiana Salt, LLC or one of its subsidiaries, the person in charge of conducting the investigation;

    c.  If the investigation was conducted by a third party, the entity charged with conducting the investigation;

    d.  The serial number of the well investigated;

    e.  Whether the investigation concluded that the solution-mined cavern extended to within 100 feet of property owned by Louisiana Salt, LLC;

    f.  All data sets, maps, plats, schematics, or other documentation or information relied upon in assessing whether the solution-mined cavern was within 100 feet of property owned by a third party.

## RESPONSE TO INTERROGATORY NO. 15:

Louisiana Salt objects to Interrogatory No. 15 as vague, ambiguous, overbroad, and unduly burdensome.  Louisiana Salt further objects to Interrogatory No. 15 to the extent it seeks information protected by the attorney-client privilege and/or work product protection.  Without waiving such objections, Louisiana Salt acquired the property at issue in this litigation (the "Property") through an Act of Sale executed by Louisiana Salt on September 16th, 2016.  See TBC-4662-4676.  See also Response to Interrogatory No. 10.

## INTERROGATORY NO. 16:

Please identify all salt reserve estimates for the Property and any documents that reference the sale reserve estimates for the property.

**RESPONSE TO INTERROGATORY NO. 16:**

TBC specifically objects to the term "salt reserves" as vague and confusing.  Louisiana Salt further objects to Interrogatory No. 16 to the extent it seeks information protected by the attorney-client privilege and/or work product protection.  Without waiving such objection, Louisiana Salt is not presently aware of any documents in its possession responsive to Interrogatory No. 16 and reserves the right to supplement this response.

**INTERROGATORY NO. 17:**

Please identify all sketches, plot plans, drawings, depictions, maps, surveys, or other schematics identifying the location of potential future solution-mining caverns on the Property. For each document identified, please identify the date drafted, the author and the base map used.

**RESPONSE TO INTERROGATORY NO. 17:**

Louisiana Salt objects to Interrogatory No. 17 as vague, overbroad and unduly burdensome.  Louisiana Salt objects to the request to the extent that it attempts to require the production by Louisiana Salt of documents in the possession or under the control of persons or entities legally distinct from Louisiana Salt.  Without waiving such objection, and in the spirit of cooperation, see documents previously produced at TBC-1521-23; TBC-1596, and produced herewith at TBC-1684-1685, 1962, 2157-2159, 2166-2167, 2187, 2218-2221, 2227-2231, 2277-2281, 2618, 2715-2716, 2718, 2722-2723, 3239-3240, 3249-3250, 3256-3257, 3259-3261, 3697, 3699.

**INTERROGATORY NO. 18:**

Please identify and describe Louisiana Salt's policies and procedures for monitoring, maintaining, and regulating pressure in solution-mined caverns which have been taken out of service.

**RESPONSE TO INTERROGATORY NO. 18:**

Louisiana Salt objects to Interrogatory No. 18 to the extent it seeks information protected by the attorney-client privilege and/or work product protection.  Without waiving such objection, See Response to Interrogatory No. 10.

**INTERROGATORY NO. 19:**

Please identify and describe Louisiana Salt, LLC's policies, procedures, manuals, guidelines, rules, regulations, memoranda, or other documents and tangible things concerning solution-mining cavern designs owned or operated by Louisiana Salt, LLC on the Napoleonville Salt Dome, including but not limited to, cavern size and spacing requirements.

**RESPONSE TO INTERROGATORY NO. 19:**

Louisiana Salt objects to Interrogatory No. 19 to the extent it seeks information protected by the attorney-client privilege and/or work product protection.  Without waiving such objection, see Response to Interrogatory No. 10.

**INTERROGATORY NO. 20:**

Please identify all information in Louisiana Salt's possession which supports Louisiana Salt's position that a zone of more water soluble potassium chloride minerals such as sylvite in the vicinity of the wing that developed in Dow #18 well.

**RESPONSE TO INTERROGATORY NO. 20:**

Louisiana Salt objects to Interrogatory No. 20 as vague, ambiguous, and overbroad. Louisiana Salt further objects to Interrogatory No. 20 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, see expert report of Charles Chabannes dated January 13, 2017.

**INTERROGATORY NO. 21:**

Please identify every item of damages you intend to seek at trial and provide an estimate for the value of each item of damages you intend to seek at trial.

**RESPONSE TO INTERROGATORY NO. 21:**

Louisiana Salt objects to Interrogatory No. 3 as vague, ambiguous, and overbroad. Louisiana Salt reserves the right to identify witnesses in compliance with the Court's February 23, 2017 Order.  Without waiving such objection, see the Rule 26-compliant expert report of Charles Chabannes produced January 13, 2017[2] in connection with this matter.  See also Rule-26 compliant expert reports of Charles Chabannes, Joel Warneke, R. Wayne Sneed, and Holly Sharp produced June 15, 2017.

**INTERROGATORY NO. 22:**

Please identify every exhibit you intend to introduce at trial, including all impeachment evidence.

**RESPONSE TO INTERROGATORY NO. 22:**

Louisiana Salt objects to Interrogatory No. 22 as premature.  Louisiana Salt will produce an exhibit list in compliance with the Court's February 23, 2017 Order.  Without waiving such objections, Louisiana Salt may introduce in evidence any document produced by any party in discovery.

---

[2] The report was inadvertently dated January 13, 2016.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents that were used in or generated from any and all investigations that were performed by Louisiana Salt to determine the location of the Dow #18 Cavern in relation to the Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Louisiana Salt objects to Request for Production No. 1 as vague, ambiguous, and overbroad.  Louisiana Salt specifically objects to the term "investigations" as vague, ambiguous, and confusing.  Louisiana Salt further objects to the extent the request seeks information protected by the attorney-client privilege or work product protections.  Louisiana Salt objects to the request to the extent that it attempts to require the production by Louisiana Salt of documents in the possession or under the control of persons or entities legally distinct from Louisiana Salt. Without waiving such objections, Louisiana Salt did not perform any "investigations" to determine the location of the Dow # 18 cavern and relies on TBC's investigation as described in TBC's Response to Request for Production No. 1 produced on July 3, 2017.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents associated with the sale of the Property from TBC to Louisiana Salt, LLC, including all diligence documents generated in anticipation of the sale, including but not limited to documents concerning the following subjects:

    a.  The condition of the Property;

    b.  Any and all calculations and/or valuations of salt reserves on the Property;

    c.  The proximity of Dow #18 or other solution-mined caverns to the Property;

    d.  All maps, plats, schematics, surveys, and drawings of the Property;

e.  Documents concerning salt reserves on the Property, including but not limited to the potential location of future solution-mined caverns that could be located on the Property;

f.  All documents concerning the transfer of title to the Property;

g.  The Act of Sale and Deed to the Property;

h.  Any consideration given by Louisiana Salt, LLC to TBC for the Property;

i.  Any communication between TBC and Louisiana Salt, LLC regarding the fair market value of the Property;

j.  Any and all communications between TBC and Louisiana Salt, LLC related to the Dow #18 well;

k.  Any and all communications between TBC and Louisiana Salt, LLC related to litigation with Dow regarding the Property;

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Louisiana Salt objects to Request for Production No. 2 as vague, ambiguous, overly broad, and unduly burdensome.  Louisiana Salt objects to the request to the extent that it attempts to require the production by Louisiana Salt of documents in the possession or under the control of persons or entities legally distinct from Louisiana Salt.  Louisiana Salt objects to Request for Production No. 2 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Louisiana Salt specifically objects to the request for "[a]ny and all communications between TBC and Louisiana Salt, LLC related to litigation with Dow regarding TBC's property" because such communications are protected by the "common interest" doctrine of the attorney-client privilege established by the United States Court of

Appeal for the Fifth Circuit.  *See BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Estate Advisor, Inc.*, 614 Fed. Appx. 690 (5th Cir. 2015).

Without waiving such objection, see documents produced at TBC-4581-4676.  See also document previously produced at TBC-1596.

## REQUEST FOR PRODUCTION NO. 3:

Please produce all documents related to discussions and/or communications with TBC concerning the property including but not limited to the documents identified in your response to Interrogatory number 13.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Louisiana Salt objects to Request for Production No. 4 as vague, ambiguous, overly broad, and unduly burdensome.  Louisiana Salt objects to the request to the extent that it attempts to require the production by Louisiana Salt of documents in the possession or under the control of persons or entities legally distinct from Louisiana Salt.  Louisiana Salt objects to Request for Production No. 4 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Louisiana Salt specifically objects to the extent this request seeks communications relating to the present litigation because such communications are protected by the "common interest" doctrine of the attorney-client privilege established by the United States Court of Appeal for the Fifth Circuit.  *See BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Estate Advisor, Inc.*, 614 Fed. Appx. 690 (5th Cir. 2015).

Without waiving such objections, see documents produced at TBC-4581-4661.

## REQUEST FOR PRODUCTION NO. 4:

Please produce all documents related to monitoring the locations of solution mining caverns owned or operated by Louisiana Salt, LLC relative to neighboring property lines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Louisiana Salt objects to Request for Production No. 4 as vague, ambiguous, overbroad, and unduly burdensome.  Without waiving such objection, see Response to Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any documents reviewed, consulted, or generated in connection with any and all investigations into whether solution-mined caverns owned or operated by Louisiana Salt, LLC are located within 100 feet of property owned by third parties.  Your response to this request should including, but not limited to, any documents identified in your response to Interrogatory numbers 12 and 14.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Louisiana Salt objects to Request for Production No. 5 as vague, ambiguous, overbroad, and unduly burdensome.  Without waiving such objection, see Response to Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any documents, reviewed, consulted or generated in connection with any and all investigation into whether solution-mined caverns owned or operated by third parties are located within 100 feet of property owned by Louisiana Salt, LLC.  Your response to this request should include, but not be limited to, any documents identified in your response to Interrogatory number 15.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Louisiana Salt objects to Request for Production No. 6 as vague, ambiguous, and overbroad.  Louisiana Salt specifically objects to the lack of parameters regarding time or location as overbroad and unduly burdensome, and Louisiana Salt responds to this Request with respect to the Property located on the Napoleonville Salt Dome.  Louisiana Salt objects to the

request to the extent that it attempts to require the production by Louisiana Salt of documents in the possession or under the control of persons or entities legally distinct from Louisiana Salt. Louisiana Salt further objects to Request for Production No. 6 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, see Louisiana Salt's Response to Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents related to the salt reserves on the Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Louisiana Salt objects to Request for Production No. 7 as vague, ambiguous, and confusing.  Louisiana Salt specifically objects to the term "salt reserves" as vague, ambiguous, and confusing.  Without waiving such objections, Louisiana Salt is not presently aware of documents in its possession responsive to Request for Production No. 7 and reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 8:**

To the extent not previously produced, please produce all blueprints, maps, plats, plot plans, surveys, photographs and architectural renderings related to the Property.  For any documents which were generated by or on behalf of Louisiana Salt, LLC after January 1, 2015, please produce the document in portable document format (.pdf) and in native format with the metadata preserved.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Louisiana Salt objects to Request for Production No. 18 as vague, ambiguous, and overbroad.  Louisiana Salt objects to the request to the extent that it attempts to require the production by Louisiana Salt of documents in the possession or under the control of persons or

entities legally distinct from Louisiana Salt.  Louisiana Salt further objects to Request for Production No. 8 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, and in the spirit of cooperation, see documents produced by TBC in response to Dow's Request for Production No. 19 to TBC on July 3, 2017.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all of Louisiana Salt, LLC's policies, procedures, manuals, guidelines, rules, regulations, memoranda or other documents and tangible things concerning cavern design, including but not limited to, cavern size and spacing requirements, as identified in your response to Interrogatory number 19.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Louisiana Salt objects to Request for Production No. 9 as vague, ambiguous, and overbroad.  Without waiving such objection, see Response to Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all documents supporting Louisiana Salt, LLC's salt reserve estimation for the Property, including but not limited to any and all documents identified in your responses to Interrogatory Numbers 16 and 17.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Louisiana Salt objects to Request for Production No. 10 as vague, ambiguous, and overbroad.  Louisiana Salt specifically objects to the term "salt reserve estimation" as vague, ambiguous, and confusing.  Louisiana Salt further objects to Request for Production No. 10 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objection, see Responses to Interrogatories No. 16 and 17.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents that support the allegations in your Complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Louisiana Salt objects to Request for Production No. 11 as vague, ambiguous, overbroad, and unduly burdensome. Louisiana Salt further objects to Request for Production No. 11 to the extent it seeks information protected by the attorney-client privilege and/or work product protections. Without waiving such objections, see all documents produced by Louisiana Salt and/or by TBC and all expert reports produced by Charles Chabannes, R. Wayne Sneed, Joel Warneke, and Holly Sharp.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce a copy of all documents which you contend support your claim for damages related to the value of salt on the Property that Louisiana Salt can no longer mine ("dead salt") as stated in Paragraph 50 and your prayer for relief of your Third Supplemental, Amended and Restated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Louisiana Salt objects to Request for Production No. 12 as vague, ambiguous, overbroad, and unduly burdensome. Louisiana Salt further objects to Request for Production No. 12 to the extent it seeks information protected by the attorney-client privilege and/or work product protections. Without waiving such objections, see Response to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all documents relating to your calculation, investigation, and determination of the damages related to value of salt on the Property that Louisiana Salt can no

longer mine ("dead salt") as stated in Paragraph 50 and your prayer for relief of your Third Supplemental, Amended, and Restated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Louisiana Salt objects to Request for Production No. 13 as vague, ambiguous, overbroad, and unduly burdensome. Louisiana Salt further objects to Request for Production No. 13 to the extent it seeks information protected by the attorney-client privilege and/or work product protections. Without waiving such objections, see Response to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce a copy of all documents which you contend support your claim for deprivation of use as referenced in Paragraph 57 of your Third Supplemental, Amended, and Restated Complaint. Without waiving such objections, see Response to Request for Production No. 12.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Louisiana Salt objects to Request for Production No. 14 as vague, ambiguous, overbroad, and unduly burdensome. Louisiana Salt further objects to Request for Production No. 14 to the extent it seeks information protected by the attorney-client privilege and/or work product protections. Without waiving such objections, see Response to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all documents relating to your calculation, investigation and determination of damages related to your deprivation of use claims as referenced in Paragraph 57 of your Third Supplemental, Amended, and Restated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Louisiana Salt objects to Request for Production No. 15 as vague, ambiguous, overbroad, and unduly burdensome.  Louisiana Salt further objects to Request for Production No. 15 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, see Response to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all documents which you contend support your claim for unjust enrichment as referenced in Paragraph 52 of your Third Supplemental, Amended, and Restated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Louisiana Salt objects to Request for Production No. 16 as vague, ambiguous, overbroad, and unduly burdensome.  Louisiana Salt further objects to Request for Production No. 16 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, see Response to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 17:**

To the extent not previously produced, please produce all documents which support any and all claims for damages contained in any of Louisiana Salt's Complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Louisiana Salt objects to Request for Production No. 17 as vague, ambiguous, overbroad, and unduly burdensome.  Louisiana Salt further objects to Request for Production No. 17 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, see Response to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 18**:

Please produce all documents associated with the sale of the Property from TBC to Louisiana Salt, LLC, including all diligence documents generated in anticipation of the sale, including but not limited to documents concerning the following subjects:

a.   The condition of the Property;

b.   Any and all calculations and/or valuations of salt reserves on the Property;

c.   The proximity of Dow #18 or other solution-mined caverns to the Property;

d.   All maps, plats, schematics, surveys, and drawings of the Property;

e.   Documents concerning salt reserves on the Property, including but not limited to the potential location of future solution-mined caverns that could be located on the Property;

f.   All documents concerning the transfer of title to the Property;

g.   The Act of Sale and Deed to the Property;

h.   Any consideration given by Louisiana Salt, LLC to TBC for the Property;

i.   Any communication between TBC and Louisiana Salt, LLC regarding the fair market value of the Property;

j.   Any and all communications between TBC and Louisiana Salt, LLC related to Dow #18 well;

k.   Any and all communication between TBC and Louisiana Salt concerning this litigation;

l.   Any and all communications between TBC and Louisiana Salt, LLC related to litigation with Dow regarding the property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Louisiana Salt objects to Request for Production No. 18 as vague, ambiguous, and overbroad.  Louisiana Salt objects to the request to the extent that it attempts to require the production by Louisiana Salt of documents in the possession or under the control of persons or entities legally distinct from Louisiana Salt.  Louisiana Salt further objects to Request for Production No. 18 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Louisiana Salt specifically objects to the request for "[a]ny and all communications between TBC and Louisiana Salt, LLC related to litigation with Dow regarding the property" because such communications are protected by the "common interest" doctrine of the attorney-client privilege established by the United States Court of Appeal for the Fifth Circuit.  *See BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Estate Advisor, Inc.*, 614 Fed. Appx. 690 (5th Cir. 2015).

Without waiving such objection, see documents produced at TBC-4581-4676. See also document previously produced at TBC-1596.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all documents related to monitoring the locations of solution mining caverns owned or operated by Louisiana Salt relative to neighboring property lines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Louisiana Salt objects to Request for Production No. 19 as vague, ambiguous, overbroad, and unduly burdensome.  Louisiana Salt specifically objects to the term "monitoring" as so vague and ambiguous so as to frustrate its ability to respond.  Louisiana Salt further objects to Request for Production No. 19 to the extent it seeks information protected by the attorney-client

privilege and/or work product protections.  Without waiving such objection, see Response to Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all documents related to Louisiana Salt's knowledge of any potential encroachments on the Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Louisiana Salt objects to Request for Production No. 20 as vague, ambiguous, confusing, and overbroad.  Louisiana Salt specifically objects to the terms "knowledge" as vague, ambiguous, and confusing.  Louisiana Salt further objects to Request for Production No. 20 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, see Response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents related to Louisiana Salt's knowledge of any encroachment of their solution mining caverns onto properties owned by other entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Louisiana Salt objects to Request for Production No. 21 as vague, ambiguous, overbroad, and unduly burdensome.  Louisiana Salt specifically objects to the term "knowledge" as vague and ambiguous and calling for legal conclusions.  Louisiana Salt further objects to Request for Production No. 21 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.   Without waiving such objections, see Response to Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all of Louisiana Salt's policies, procedures, manuals, guidelines, rules, regulations, memoranda, or other documents and tangible things concerning cavern design, including but not limited to, cavern size and spacing requirements, as identified in your response to Interrogatory number 19.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Louisiana Salt objects to Request for Production No. 22 as vague, ambiguous and overbroad. Louisiana Salt specifically objects to the term "knowledge" as vague and ambiguous. Louisiana Salt further objects to Request for Production No. 22 to the extent it seeks information protected by the attorney-client privilege and/or work product protections. Without waiving such objections, see Response to Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all of Louisiana Salt, LLC's policies, procedures, manuals, guidelines, rules, regulations, memoranda, or other documents related to monitoring, maintaining, and regulating pressure in solution-mined caverns which have been taken out of service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Louisiana Salt objects to Request for Production No. 23 as vague, ambiguous and overbroad. Louisiana Salt specifically objects to the term "knowledge" as vague and ambiguous. Louisiana Salt further objects to Request for Production No. 23 to the extent it seeks information protected by the attorney-client privilege and/or work product protections. Without waiving such objections, see Response to Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all documents and tangible things relating to cost-risk analyses, cost-benefit analyses, or any other study, analysis, report, or document generated or obtained by you, that discusses the cost of encroachment of any solution mining caverns on your property or the encroachment of any of Louisiana Salt's solution mining caverns onto property owned by other entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Louisiana Salt objects to Request for Production No. 24 as vague, ambiguous and overbroad.  Louisiana Salt specifically objects to the term "cost of encroachment" as so vague and confusing as to frustrate Louisiana Salt's ability to respond.  Louisiana Salt specifically objects to the lack of parameters regarding time or location as overbroad and unduly burdensome, and Louisiana Salt responds to this Request with respect to the Property located on the Napoleonville Salt Dome.  Louisiana Salt further objects to Request for Production No. 24 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, Louisiana Salt is not presently aware of documents in its possession responsive to this request and reserves its right to supplement this request.  See also Response to Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce all documents in your possession, including but not limited to, sketches, plot plans, drawings or depictions in any manner for future potential solution mining caverns on the Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Louisiana Salt objects to Request for Production No. 24 as vague, ambiguous and overbroad.  Louisiana Salt specifically objects to the term "knowledge" as vague and ambiguous. Louisiana Salt objects to the request to the extent that it attempts to require the production by Louisiana Salt of documents in the possession or under the control of persons or entities legally distinct from Louisiana Salt.  Louisiana Salt further objects to Request for Production No. 24 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, and in the spirit of cooperation, see documents produced by TBC in response to Dow's Request for Production No. 23 to TBC, produced on July 3, 2017.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce each and every document you may use as an exhibit at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Louisiana Salt objects to Request for Production No. 26 as premature.  Louisiana Salt will comply with this Court's February 23, 2017 Order with respect to exhibit lists.  Louisiana Salt reserves the right to use any document or information produced to Dow, including documents produced as TBC-0001-4676 or any document or information produced by Dow as an exhibit at trial.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce a copy of each and every document which was supplied to, collected by or reviewed by each expert witness in connection with his/her work in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Louisiana Salt objects to Request for Production No. 27 as vague, ambiguous, overly broad, and unduly burdensome.  Louisiana Salt further objects to Request for Production No. 27 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, Louisiana Salt responds as follows:

- Joel Warneke reliance materials- Items 1 and 3-8 referenced in Mr. Warneke's report are already in Dow's possession or control and/or are publically available documents and TBC objects to their production as duplicative.  In addition, see documents produced herewith at TBC-3703-4564.

- Holly Sharp reliance materials- Items 1-5 and 7-10 referenced in Ms. Sharp's report are already in Dow's possession or control and/or are publically available documents.  Item 6 is produced herewith at TBC-4662-4676.  Items 11-14 contain highly confidential and sensitive financial information; TBC has offered to produce these materials pursuant to TBC's June 30 and July 3, 2017 correspondence attached hereto *in globo* as Exhibit "1."

- Charles Chabannes reliance materials- Items 1-4 and 7-9 referenced in Mr. Chabannes June 15, 2017 report are already in Dow's possession or control and/or are publically available documents.  TBC will supplement this response as soon as possible.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all demonstrative aids that you plan to use at trial in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Louisiana Salt objects to Request for Production No. 28 as premature.  Louisiana Salt will comply with Court orders regarding demonstratives.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce all documents and tangible things you or your counsel provided to any of your expert or fact witnesses regarding this case and/or the witnesses' testimony in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Louisiana Salt objects to Request for Production No. 32 as vague, ambiguous, overly broad, and unduly burdensome.  TBC specifically objects that Request for Production No. 32 is so vague and ambiguous so as to frustrate TBC's ability to respond.  Louisiana Salt further objects to Request for Production No. 32 to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, TBC's experts— R. Wayne Sneed, Charles Chabannes, Joel Warneke, and Holly Sharp — were all provided copies of each other's final reports produced to Dow.  See also Response to Request for Production No. 27.

**REQUEST FOR PRODUCTION NO. 30:**

For any expert that you intend to call to testify at trial that is retained by, employed by, or otherwise subject to your control, please produce:

      (a)      all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

      (b)      the expert's current resume and bibliography.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Louisiana Salt objects to Request for Production No. 33 as vague, ambiguous, overbroad, and duplicative.  Louisiana Salt further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Louisiana Salt further

objects to this Request to the extent it seeks information already produced by Louisiana Salt. Without waiving such objections, Louisiana Salt's experts' CV's were previously produced as required by Rule 26 on June 15, 2017.  In further response, see Responses to Requests for Production Nos. 27 and 29.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce all documents identified in response to any of the above referenced Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Louisiana Salt objects to Request for Production No. 34 as vague, ambiguous, overbroad, and unduly burdensome.  Louisiana Salt further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product protections.  Without waiving such objections, see documents TBC-1643-4676 produced herewith.

Respectfully submitted,


/s/ James M. Garner
LEOPOLD Z. SHER # 12014
JAMES M. GARNER # 19589
THOMAS J. MADIGAN # 28132
ERIC J. BLEVINS # 34209
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
E-mail:  jgarner@shergarner.com
**ATTORNEYS FOR TEXAS BRINE COMPANY, LLC AND LOUISIANA SALT, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 3rd day of July, 2017, a copy of the above and foregoing has been served via electronic mail on all counsel of record.

<u>/s/ James M. Garner</u>
JAMES M. GARNER

## Blevins, Eric

| | |
|---|---|
| **From:** | Blevins, Eric |
| **Sent:** | Monday, July 03, 2017 11:17 AM |
| **To:** | 'John Viator' |
| **Cc:** | Patrick Hunt; Garner, James M.; Sher, Leopold; Jennifer Holtzclaw; Madigan, Thomas |
| **Subject:** | RE: Dow/TBC- Amended Stipulated Protective Order |

John,

Given your position in your recent motion, we feel our proposal is a reasonable solution to have provided you immediate access to the financials you requested as early as June 30.  Moreover, applicable authority shows that the "attorneys' eyes only" provision that TBC seeks is a widely accepted practice for trade secret materials such as the company financials.  There is no question that the company financials are of utmost sensitivity and contain highly confidential trade secrets and pricing information.  We also note that TBC has, to this point, only sought to apply the "attorneys' eyes only" designation to the four sets of financials.  TBC further notes that the provisions of the proposed amended protective order allows not only your non-party experts but also a designated representative of your client access to the materials under the terms of the order, which you suggested would be Dow's general counsel on our last phone discussion.

FRCP Rule 26(c)(1)(G) specifically contemplates protective orders that "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See Soule v. RSC Equip. Rental, Inc.*, 2012 WL 425166, *4 (E.D. La. 2012).  Magistrate Judge Wilkinson in the Eastern District has held that "[a]mple precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to attorneys and experts, particularly when there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party." *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 1998 WL 186728, *2 (E.D. La. 1998) (citing *Doe v. District of Columbia*, 697 F.2d 1115, 1120 & n. 8 (D.C.Cir.1983); *Laitram Mach., Inc. v. Carnitech/AS*, No. 92–3841, 1993 WL 370624, at *2 (E.D.La. Sept.10, 1993) (Lemelle, M.J.); *GTE Products Corp. v. Gee*, No. 84–3936–T, 112 F.R.D. 169, 171 (D.Mass.1986); *In re "Agent Orange" Prod. Liab. Litig.*, 104 F.R.D. 559, 573 n. 12 (E.D.N.Y.1985); *Stillman v. Vassileff*, 100 F.R.D. 467, 468 (S.D.N.Y.1984); *Liberty Folder v. Curtiss Anthony Corp.*, 90 F.R.D. 80, 83–84 (S.D.Ohio 1981); *Chesa Int'l, Ltd. v. Fashion Assocs., Inc.*, 425 F.Supp. 234, 237 (S.D.N.Y.1977)).

Other authority in the Eastern District of Louisiana has noted that the "dual-tier" protection, of Confidential and Highly Confidential-Attorneys' Eyes Only information, is commonplace in cases where the parties are competitors and has approved the same type of protective order TBC seeks.  *See Blanchard and Co., Inc. v. Barrick Gold Corp.*, 2004 WL 737485, *8 (E.D. La. 2004).   The Manual for Complex Litigation, cited by the *Blanchard* Court, approves a restriction of commercially sensitive information to only attorneys and non-client experts.

The following opinions of other Louisiana federal courts have also approved protective orders with the "attorneys' eyes only" provisions sought by TBC: *Payne v. Forest River, Inc.*, 2014 WL 7359059, *8-9 (M.D. La. 2014); *SDT Indus., Inc. v. Pennington Seed, Inc.*, 2010 WL 2024735, *6 (W.D. La. 2010)

As additional justification, as we have told you previously, substantially similar protections exist in a protective order in the sinkhole litigation.  Considering this suit also relates to property on the Napoleonville salt dome, it is all the more reasonable for TBC to request the same protections in the present suit with *Dow*.

Considering this authority and these circumstances, please respond by close of business today whether you will accept the financials under the terms of the proposed amended protective order (attorneys' eyes only) in the meantime while the Court considers TBC's motion for protective order.

Regards,

Eric

**ERIC J. BLEVINS | ATTORNEY AT LAW | SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**

 909 Poydras Street | Suite 2800 | New Orleans, LA 70112 | eblevins@shergarner.com | O: 504-299-2135 | F: 504-299-2335

The information contained in this electronic message may be attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100 and return the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty-Eighth Floor, 909 Poydras Street, New Orleans, Louisiana 70112 via the United States Postal Service.

In accordance with 31 C.F.R. Section 10.35(b)(4), this message has not been prepared, and may not be relied upon by any person, for protection against any federal tax penalty.

---

**From:** John Viator [mailto:John.Viator@bblawla.com]
**Sent:** Monday, July 03, 2017 8:43 AM
**To:** Blevins, Eric <eblevins@shergarner.com>
**Cc:** Patrick Hunt <patrick.hunt@bblawla.com>; Garner, James M. <JGarner@SHERGARNER.com>; Sher, Leopold <LSher@shergarner.com>; Jennifer Holtzclaw <Jennifer.Holtzclaw@bblawla.com>; Madigan, Thomas <tmadigan@SHERGARNER.com>
**Subject:** RE: Dow/TBC- Amended Stipulated Protective Order

Eric,

We cannot agree.  If you can identify a justification and legal basis for the amendment to the current protective order, we will reconsider.  However, at this point I am not authorized to limit the information that can be disclosed to our clients in defense of this litigation.

Regards,

John Allain Viator
**Bienvenu, Bonnecaze, Foco, Viator & Holinga, APLLC**
4210 Bluebonnet Blvd.
Baton Rouge, LA  70809
(225) 388-5600  Main
(225) 388-5604  Direct
(225) 315-2547  Cell
(225) 388-5622  Fax
John.Viator@bblawla.com
Website: http://www.bblawla.com

---

**From:** Blevins, Eric [mailto:eblevins@shergarner.com]
**Sent:** Friday, June 30, 2017 5:39 PM
**To:** John Viator <John.Viator@bblawla.com>
**Cc:** Patrick Hunt <patrick.hunt@bblawla.com>; Garner, James M. <JGarner@SHERGARNER.com>; Sher, Leopold <LSher@shergarner.com>; Jennifer Holtzclaw <Jennifer.Holtzclaw@bblawla.com>; Madigan, Thomas

<tmadigan@SHERGARNER.com>
**Subject:** RE: Dow/TBC- Amended Stipulated Protective Order

John,

We are certainly surprised at your response given your indication on June 28 that such a protective order should be agreeable, as you note.  TBC and La. Salt intend to move the Court to enter the amended protective order with the provision for "Highly Confidential Information" without Dow's stipulation.

However, in the spirit of cooperation and in an effort to provide you with the requested documents as quickly as possible, TBC and La. Salt will agree to produce the requested financials to you promptly <u>if you agree to treat the documents as "Attorney's Eyes Only" pursuant to all terms of the proposed Amended Stipulated Protective Order until the Court has had opportunity to rule on the motion for protective order.</u>  We believe this is a reasonable and fair solution that will allow your non-party experts access to the information.

We will agree to request expedited consideration of the motion for protective order as well.  Please promptly indicate whether you are agreeable to this solution.

Regards,

Eric

**From:** John Viator [mailto:John.Viator@bblawla.com]
**Sent:** Friday, June 30, 2017 1:39 PM
**To:** Blevins, Eric <eblevins@shergarner.com>; Madigan, Thomas <tmadigan@SHERGARNER.com>
**Cc:** Patrick Hunt <patrick.hunt@bblawla.com>; Garner, James M. <JGarner@SHERGARNER.com>; Sher, Leopold <LSher@shergarner.com>; Jennifer Holtzclaw <Jennifer.Holtzclaw@bblawla.com>
**Subject:** RE: Dow/TBC- Amended Stipulated Protective Order

Gentlemen,

When we spoke on June 28th, the proposed amended stipulated protective order seemed workable in theory.  However, after review of the proposed language in Section 11 and further consideration, we cannot agree to amend the current Stipulated Protective Order for purposes of adding a Highly Confidential provision that would restrict certain information from being shared with our clients.  I am not authorized to limit the information that can be disclosed to our clients in defense of this litigation.  The purported "Highly Confidential Information" is information relied upon by your expert, Holly Sharp, in forming her opinions on the calculation of your damages.  Any analysis of the Highly Confidential Information by our experts will need to be shared with our clients, without limitation or prior approval from you.  That being said, our clients will comply with the current Stipulated Protective Order, which states that Confidential Information "shall be used for the sole purpose of conducting these Lawsuits and not for any business or other purpose."

Please advise whether you will produce Ms. Sharp's reliance materials under the current Stipulated Protective Order?

Regards,

John Allain Viator
**Bienvenu, Bonnecaze, Foco, Viator & Holinga, APLLC**
4210 Bluebonnet Blvd.
Baton Rouge, LA  70809
(225) 388-5600  Main
(225) 388-5604  Direct

3

(225) 315-2547  Cell
(225) 388-5622  Fax
John.Viator@bblawla.com
Website: http://www.bblawla.com

**From:** Blevins, Eric [mailto:eblevins@shergarner.com]
**Sent:** Thursday, June 29, 2017 8:34 PM
**To:** John Viator <John.Viator@bblawla.com>
**Cc:** Patrick Hunt <patrick.hunt@bblawla.com>; Garner, James M. <JGarner@SHERGARNER.com>; Sher, Leopold <LSher@shergarner.com>; Madigan, Thomas <tmadigan@SHERGARNER.com>
**Subject:** Dow/TBC- Amended Stipulated Protective Order

John, per our previous discussions, attached find an Amended Stipulated Protective Order.  As soon as Dow stipulates to its provisions and the Court enters the Amended Order we may produce the documents you requested.

Regards,

Eric

 **ERIC J. BLEVINS | ATTORNEY AT LAW | SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street | Suite 2800 | New Orleans, LA 70112 | eblevins@shergarner.com | O: 504-299-2135 | F: 504-299-2335

The information contained in this electronic message may be attorney privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone at 504-299-2100 and return the original message to us at Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Twenty-Eighth Floor, 909 Poydras Street, New Orleans, Louisiana 70112 via the United States Postal Service.

In accordance with 31 C.F.R. Section 10.35(b)(4), this message has not been prepared, and may not be relied upon by any person, for protection against any federal tax penalty.

CONFIDENTIALITY MESSAGE Privileged: This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer is not the intended recipient of this e-mail or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this e-mail is strictly prohibited. If you have received this transmission in error, please immediately delete the message.

CIRCULAR 230: Pursuant to federal tax regulations imposed on practitioners who render tax advice ("Circular 230"), we are required to advise you that any advice contained in this communication regarding federal taxes is not written or intended to be used, and cannot be used, by any person as the basis for avoiding federal tax penalties under the Internal Revenue Code, nor can such advice be used or referred to for the purpose of promoting, marketing or recommending any entity, investment, plan or arrangement.

CONFIDENTIALITY MESSAGE Privileged: This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer is not the intended recipient of this e-mail or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this e-mail is strictly prohibited. If you have received this transmission in error, please immediately delete the message.

CIRCULAR 230: Pursuant to federal tax regulations imposed on practitioners who render tax advice ("Circular 230"), we are required to advise you that any advice contained in this communication regarding federal taxes is not written or intended to be used, and cannot be used, by any person as the basis for avoiding federal tax penalties under the Internal Revenue Code, nor can such advice be used or referred to for the purpose of promoting, marketing or recommending any entity, investment, plan or arrangement.