Law Offices Of
# Sher Garner Cahill Richter Klein & Hilbert, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-4046
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1,7]
PETER L. HILBERT, JR.
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
JOSHUA S. FORCE [2,4]
DEBORAH J. MOENCH
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
CHRISTOPHER T. CHOCHELES
RYAN D. ADAMS

THOMAS J. MADIGAN, II [5]
CHAD P. MORROW
KEVIN M. McGLONE
JEFFREY D. KESSLER [6]
RYAN O. LUMINAIS [5]
KAREN T. HOLZENTHAL
JONATHAN B. CERISE
ASHLEY G. COKER
AMANDA RUSSO SCHENCK
MELISSA ROME HARRIS
JACOB A. AIREY
ERIC J. BLEVINS
JOSHUA P. CLAYTON
EMILY E. ROSS
TRAVIS A. BEATON
REBEKKA C. VEITH
DAVID A. FREEDMAN

STEPHANIE E. HOLDEN
BRANDON W. KEAY
MICHAEL R. DODSON [3]


SPECIAL COUNSEL:
MATTHEW M. COMAN

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO
THOMAS P. ANZELMO, JR.
THOMAS P. McALISTER [2]

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[6] MEMBER OF LOUISIANA AND NEW YORK BARS
[7] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

(504) 299-2100
FAX (504) 299-2300

September 18, 2017

John Allain Viator, Esq.
Patrick H. Hunt, Esq.
**BIENVENU, BONNECAZE, FOCO,
VIATOR & HOLINGA, APLLC**
Via e-mail: John.Viator@bblawla.com; Patrick.Hunt@bblawla.com

      Re:   *Texas Brine Company, LLC and Louisiana Salt, LLC v. Dow Chemical Company, et al.*
            No. 15-1102 c/w 15-03324 USDC, EDLA
            Our ref: 21116.0038

Dear John and Patrick:

      We provide this written response to your August 28, 2017 correspondence on behalf of Texas Brine Company, LLC ("TBC") and Louisiana Salt, LLC ("La. Salt") pursuant to our phone conversation on September 1, 2017.

Sinkhole documents

      TBC has not conducted discovery searches of the consultants it retained in the sinkhole litigation, and we believe such search is not required for the reasons outlined in our November 10, 2016 letter. Additionally, while your letter notes that "the motivation for the creation of the sinkhole documents – like the Ratigan map – is irrelevant as to whether the documents put TBC on notice of the issues in this litigation," and that TBC lacks "any jurisprudential authority" for

Exhibit G

LAW OFFICES OF
# SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

September 18, 2017
Page - 2 -

its position, we submit that the Court's August 28, 2017 ruling provides such authority. The Court explicitly held that the Ratigan map did not address "the distance between existing salt caverns or cavern proximity to adjacent property lines. **Nor, significantly, were the report and map prepared for the latter purposes**."

As we have explained, TBC has conducted searches for responsive information from the hard and electronic files of relevant custodians as well as conducted e-discovery review of e-mails of relevant custodians dating from 2010 to the date of this suit's filing. We have offered to exchange search terms for use in e-discovery and the identities of custodians searched. The time range of TBC's search encompasses the sinkhole event, which occurred in 2012. TBC has produced all responsive information that is not privileged or protected, and has logged the responsive information subject to privilege or protection.

Miscellaneous

We are considering your request and will provide you a response as soon as possible whether we are able to provide unredacted copies of TBC-1542, TBC-1587-1590, and TBC-1595.

First Set of Discovery Requests to TBC

- Request for Admission No. 18/ Interrogatory No. 4: Plaintiffs' Answer to Interrogatory No. 9 of Dow's Fourth Set of Discovery (produced by TBC July 3, 2017) provides additional information regarding the map attached as Exhibit 1 to TBC's original complaint, including that the map was generated using "two sources: 1) a data file provided by Joe Ratigan previously used in a 2013 report generated by Joe Ratigan, entitled 'Proximity of Class II and Class III Well Caverns to the Edge of the Napoleonville Salt Dome' (the 'Ratigan Report'); and 2) an 'Assessed Ownership Plat' previously produced at TBC-1553."

  Thus, while the images of the cavern outlines on both the map attached as Exhibit 1 to the original complaint and the map contained in Appendix D to the Ratigan Report are the same (since the outlines in each derive from the data file used by Joe Ratigan in the Ratigan Report) TBC has learned during the course of this litigation that neither map accurately depicts the location of the Dow # 18 cavern with respect to the southern property line. Dow's Jeff Hertzing admitted that he does not know where the Dow # 18 cavern is located relative to the southern property line. *See* Sept. 7, 2016 depo. of Jeff Hertzing at p. 78:13-17. As demonstrated by Charles Chabannes' January 13, 2017 expert report, the Dow # 18 cavern is <u>across</u> the southern property line. Because both maps are wrong in this respect, the request is irrelevant. We will serve a supplemental response to this effect.

September 18, 2017
Page - 3 -

- Request for Admission No. 19: We believe Plaintiffs' response is appropriate and further refer Dow to the Court's August 28, 2017 ruling rejecting Defendants' argument that the 2013 Ratigan Report triggered the prescriptive period for Plaintiffs' claims as a matter of law.

Second Set of Discovery Requests to TBC

- Requests for Admission Nos. 1 and 2: We believe Plaintiffs' responses are appropriate. We disagree with your interpretation of Mr. Sergo's testimony.

- Interrogatories No. 1 and 2/ RPD No. 1: We believe TBC's objections are appropriate. We believe the terms "depict or describe" are vague and could be broadly interpreted in an overly burdensome manner. Nevertheless, we have endeavored to produce all documents revealed in TBC's search that are neither privileged nor subject to work product protection and that contain a map or property description of the property at issue.
    We will evaluate your request for unredacted versions of TBC-1587-1591 and 1596 and will provide you a response as soon as possible whether TBC is able to provide unredacted copies.
    We believe TBC's objection to the term "obtained" is appropriate.

- Interrogatory No. 3/ RPD No. 3: These requests are duplicative and seek information requested in Interrogatory No. 14 of Dow's Fourth Set of Discovery. Accordingly, consider the documents referenced in TBC's response to Interrogatory No. 14 of Dow's Fourth Set of Discovery as responsive to Interrogatory No. 3/ RPD No. 3.

- Interrogatory No. 4/ RPD No. 4: TBC believes its response and, in particular, its objection to the term "notice" are appropriate. The term "notice" calls for a legal conclusion.

Fourth Set of Discovery Requests to TBC

- Interrogatory No. 10, RPD 14 and 34: We note that TBC has also produced the Act of Correction to Act of Sale at TBC-4654-4764. We are searching for and evaluating whether TBC possesses any further information responsive to Interrogatory No. 10/ RPDs No. 14 and 34.

- Interrogatory No. 17 / RPD No. 5: Subsequent to TBC's July 3, 2017 production, we have located one document we believe is responsive to Dow's request for information regarding "salt reserves" and will produce same with a supplemental response.

LAW OFFICES OF
# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

September 18, 2017
Page - 4 -

- Interrogatory No. 21: TBC is continuing to search for information that may be responsive to this Interrogatory.

- Interrogatory No. 22/ RPD Nos. 7-12: We believe TBC's response is appropriate and, further, refer Dow to Plaintiffs' Initial Disclosures produced on July 13, 2017. Plaintiffs' damage figures are a product of the opinions and calculations located in its expert reports. Plaintiffs will apportion any recovery at trial between themselves.

- RPD No. 2: As we explained in a previous phone call, TBC did not perform an "investigation" "as a result of" the 2013 Ratigan Report. TBC does not, therefore, possess information responsive to this request. We believe TBC's objections are appropriate.

- RPD No. 3: We believe TBC's objections are appropriate. The term "investigation" is vague and confusing as used in this request. However, in the spirit of cooperation, TBC has produced documents referencing Dow's February 16, 2015 letter, for example, documents TBC-1511-1516.
  To the extent this request calls for privileged information and/or protected work product generated in conjunction with TBC's compliance response related to La. Admin. Code § 43:3315(B)(1), TBC has withheld such information as logged on TBC's privilege log. As you know, we have produced the compliance reports at TBC-4765-4754, but the work product generated in developing the reports has been withheld and logged.

- RPD No. 15: We believe TBC's objections are appropriate. TBC has withheld information that may be responsive to this request as logged on its privilege log.

- RPD No. 16: We believe TBC's objections are appropriate. Nevertheless, to the extent this request calls for privileged information and/or protected work product generated in conjunction with TBC's compliance response related to La. Admin. Code § 43:3315(B)(1), TBC has withheld such information as logged on TBC's privilege log. As you know, we have produced the compliance reports at TBC-4765-4754, but the work product generated in developing the reports has been withheld and logged.

- RPD Nos. 30, 32-33: Dow has requested information related to Mr. Sneed's report in its Fifth Set of Discovery to TBC and TBC, as discussed in our prior phone conferences (most recently on September 11, 2017), is in the process of collecting responsive information and will produce all non-privileged and non-protected information as soon as possible. As we have discussed in prior calls, TBC's office is located in Houston and TBC's operations were

Law Offices of
# Sher Garner Cahill Richter
# Klein & Hilbert, L.L.C.

September 18, 2017
Page - 5 -

    affected by the recent Hurricane Harvey.

    TBC objects to these requests to the extent they seek information protected by Rule 26(b). For example, RPD No. 30's request for all information "prepared by . . . the expert" potentially seeks "drafts of any report" plainly protected and not subject to production under R. 26(b)(4). TBC has not withheld any otherwise discoverable information responsive to these requests, but TBC has not produced documents and information plainly protected under R. 26(b)(4), which is also not subject to a privilege log. Dow is likewise not entitled to communications between TBC's counsel its experts and such communications, which have all occurred subsequent to the filing of suit, are not subject to a privilege log. *See* R. 26(b)(4); *Shaw Group, Inc. v. Zurich Am. Ins. Co.*, 2014 WL 1784051, *1, 15 (M.D. La. 2014).

First Set of Discovery to Louisiana Salt, LLC

- Interrogatory No. 13, RPD Nos. 2, 18: We note that TBC has also produced the Act of Correction to Act of Sale at TBC-4654-4764. We are searching for and evaluating whether La. Salt possesses any further information responsive to Interrogatory No. 13/ RPDs No. 2 and 18.

- Interrogatory No. 20: La. Salt is continuing to search for information that may be responsive to this Interrogatory.

- Interrogatory No. 21, RPD Nos. 12-17: La. Salt refers Dow to Plaintiffs' Initial Disclosures produced on July 13, 2017. Plaintiffs' damage figures are a product of the opinions and calculations located in its expert reports. Plaintiffs will apportion any recovery at trial between themselves.

- RPD No. 3: We believe La. Salt's objections are appropriate but La. Salt has withheld information that may be responsive to this request as logged on its privilege log.

- RPD No. 27, 29-30: Dow has requested information related to Mr. Sneed's report in its Fifth Set of Discovery to TBC and TBC, as discussed in our prior phone conferences (most recently on September 11, 2017), is in the process of collecting responsive information and will produce all non-privileged and non-protected information as soon as possible.

    La. Salt objects to these requests to the extent they seek information protected by Rule 26(b). For example, RPD No. 30's request for all information "prepared by . . . the expert" potentially seeks "drafts of any report" plainly protected and not subject to production under R. 26(b)(4). La. Salt has not withheld any otherwise discoverable information responsive to

September 18, 2017
Page - 6 -

these requests, but La. Salt has not produced documents and information plainly protected under R. 26(b)(4), which is also not subject to a privilege log. Dow is likewise not entitled to communications between La. Salt's counsel its experts and such communications, which have all occurred subsequent to the filing of suit, are not subject to a privilege log. *See* R. 26(b)(4); *Shaw Group, Inc. v. Zurich Am. Ins. Co.*, 2014 WL 1784051, *1, 15 (M.D. La. 2014).

Wayne Sneed

Both Plaintiffs, TBC and La. Salt, offer Mr. Sneed's report under Rule 26(a)(2)(C). Mr. Sneed is not a witness "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" under Rule 26(a)(2)(B). Because Mr. Sneed does not fit this definition, his report properly falls under Rule 26(a)(2)(C).

Privilege Issues

We note that your letter raises several issues related to privilege and Plaintiffs' privilege log. We will evaluate your requests as to the individual documents you have flagged on the log copy attached to your letter and provide you a response as to each as soon as possible.

We look forward to the efficient completion of discovery in this matter. Please do not hesitate to get in touch if you have any further questions.

Cordially,

James M. Garner
Thomas J. Madigan, II
Eric J. Blevins