Law Offices of
# Sher Garner Cahill Richter Klein & Hilbert, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-4046
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1,8]
PETER L. HILBERT, JR.
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
JOSHUA S. FORCE [2,4]
DEBORAH J. MOENCH
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
CHRISTOPHER T. CHOCHELES
RYAN D. ADAMS

THOMAS J. MADIGAN, II [5]
CHAD P. MORROW
KEVIN M. McGLONE
JEFFREY D. KESSLER [6]
RYAN O. LUMINAIS [5]
KAREN T. HOLZENTHAL
JONATHAN B. CERISE
ASHLEY G. COKER
AMANDA RUSSO SCHENCK
MELISSA ROME HARRIS
JACOB A. AIREY
ERIC J. BLEVINS
JOSHUA P. CLAYTON
MEGAN TAYLOR JAYNES
EMILY E. ROSS
PETER J. SEGRIST
TRAVIS A. BEATON

REBEKKA C. VEITH
DAVID A. FREEDMAN
STEPHANIE E. HOLDEN
BRANDON W. KEAY
MICHAEL R. DODSON [7]


SPECIAL COUNSEL:
MATTHEW M. COMAN

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO
THOMAS P. ANZELMO, JR.

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[6] MEMBER OF LOUISIANA AND NEW YORK BARS
[7] MEMBER OF ALABAMA BAR
[8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION

ALL OTHERS LOUISIANA BAR

tmadigan@shergarner.com
Direct Dial: (504) 299-2132
Direct Fax: (504) 299-2332

(504) 299-2100
FAX (504) 299-2300

November 10, 2016

***VIA ELECTRONIC MAIL***
Patrick Hunt, Esq.
**BIENVENU, BONNECAZE, FOCO,**
**VIATOR & HOLINGA, APLLC**
4210 Bluebonnet Blvd.
Baton Rouge, LA   70809

      Re:    *Texas Brine Company, LLC v. Dow Chemical Company, et al.*
             No. 15-1102 c/w 15-03324 USDC, EDLA
             Our ref:  21116.0038

Dear Patrick:

      We are in receipt of your September 8, 2016 correspondence regarding discovery-related matters in the above-referenced suit. We address each item in turn below.

      First, Dow has re-iterated its request for a complete privilege log, including descriptions, of all information responsive to its very broad Request for Production No. 12. TBC maintains its objection to Request for Production No. 12 to the extent Dow seeks a supplemental privilege log identifying any of its privileged and/or protected work product materials generated after and in connection with any litigation arising out of the 2012 sinkhole incident in Assumption Parish, Louisiana. A party is not required to identify, in a privilege log, attorney-client privileged and work product-protected documents created after the date a lawsuit is filed. *See Shaw Group, Inc. v. Zurich Am. Ins. Co.*, 2014 WL 1784051, *1, 15 (M.D. La. 2014). Likewise, TBC is not required to identify, in a privilege log, materials generated after and in connection with the 2012 sinkhole incident.

November 10, 2016
Page - 2 -

      This request is also beyond the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure because it is irrelevant and disproportionate to the needs of this case. Any documents generated in connection with the 2012 sinkhole do not bear on the issues in this case, that is, the encroachment of the Dow # 18 Well cavern onto TBC's property. Your letter indicates that Dow seeks "any document which demonstrates TBC's knowledge of the locations of the Dow # 18 Well Cavern in relation to the property boundary." Documents generated by experts in connection with the 2012 sinkhole litigation cannot, however, demonstrate TBC's knowledge regarding the Dow # 18 Well cavern because they were generated for purposes of evaluating the sinkhole, which has nothing to do with this case regarding the encroachment of the Dow # 18 well cavern. Therefore, such information is irrelevant.

      Moreover, the volume of documents and information contemplated by this Request is disproportionately burdensome to TBC. In the litigation arising out of the 2012 sinkhole incident in Assumption Parish, TBC retained 227 experts and consultants whose documents and communications would need to be reviewed. Based on TBC's previous discovery efforts in the sinkhole litigation, reviewing the universe of materials generated in connection with the sinkhole litigation would require tens of thousands of hours of review time. To provide the log Dow seeks, TBC would be required to undergo a similar review. The amount of time and financial resources implicated by this review is unduly burdensome for TBC, particularly in light of the fact that this information is of no importance in resolving the issues in the present case. This burden outweighs any incremental benefit Dow may gain from the requested information, since documents generated in connection with the 2012 sinkhole incident have no bearing on "TBC's knowledge of the locations of the Dow # 18 Well Cavern in relation to the property boundary."

      Finally, TBC's objection is in line with the Court's rulings in this case. In denying Dow's Motion for Protective Order, the Court indicated that it would not allow unfettered discovery into potentially voluminous historical documents relating to the Dow # 18 Well cavern. Likewise, Dow cannot request an unlimited, overly broad log of all documents that in any way indicate the location of the Dow # 18 Well cavern dating back many years. *See* Aug. 8, 2016 hearing transcript (rough draft), pp. 43-45.

      Your letter also addresses TBC's previously-produced privilege log, specifically TBC-PRIV .003, TBC-PRIV .005, TBC-PRIV .006, TBC-PRIV .008, and TBC-1501. Enclosed are supplemental documents and a revised privilege log addressing these issues.

LAW OFFICES OF
# SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

November 10, 2016
Page - 3 -

      Finally, your letter inquires about certain other documents containing redactions, specifically, TBC-1511, TBC-1542, TBC-1587-1590, and TBC-1595. These documents have been redacted only for confidential pricing information, and otherwise are produced substantively in full.

                                          Cordially,

                                          James M. Garner
                                          Thomas J. Madigan, II
                                          Eric J. Blevins

EJB/sd