```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

*************************************************************

TEXAS BRINE COMPANY, LLC
                                         Lead Civil Action:
VS.                                         2:15-cv-01102
                                         c/w 2:15-cv-03324
THE DOW CHEMICAL COMPANY,
ET AL.                                   Sec. N
                                         Div. 1
*************************************************************




              DEPOSITION OF JOHN SERGO, III


         Taken on Wednesday, July 19, 2017
   At the Office of Sher Garner Cahill Richter
              Klein & Hilbert, LLC
         909 Poydras Street, 28th Floor
              New Orleans, Louisiana




         REPORTED BY:  RITA DEROUEN, CCR, RPR




*************************************************************



              JUST LEGAL LITIGATION
     9618 Jefferson Highway, Suite D-386
              Baton Rouge, Louisiana

     NEW ORLEANS * BATON ROUGE * LAFAYETTE
              LAKE CHARLES * HOUSTON

         (225) 291-6595    (855) 900-5878
     www.just-legal.net  setdepo@just-legal.net
```

Exhibit I

```
 1  you have a more specific question?
 2  BY MR. VIATOR:
 3       Q.   Do you recall generating this e-mail?
 4       A.   Again, I don't -- I've seen millions -- you
 5  know, not millions, but thousands of e-mails over the
 6  last ten years.  Specifically recall it, no.  It's
 7  sitting here in black and white in front of me, so
 8  obviously I did generate it.
 9       Q.   As you sit here today, do you have any
10  information to say that the words written in your
11  e-mail of April 17, 2014 are not accurate?
12                    MR. MADIGAN:  Object to form.  Go
13  ahead.
14       A.   I mean, again, I'm not -- I'm having trouble
15  figuring out what you're going for.  I can expand on
16  it.  "Surprisingly difficult to get everyone to agree"
17  was kind of tongue in cheek because there were a
18  couple of pieces of property, little slivers of land
19  not in this section of land related to this case where
20  there was some discussion about whether we owned them
21  or not.
22            There was some debate about whether we owned
23  or leased the driveway going to the Oxy.  Just little
24  nits that Kenneth and A.B. couldn't agree on.  So
25  maybe I was being a little tongue in cheek there.  And
```

```
 1  that's why I went on to say that there may be a sliver
 2  or two missing from what you asked for, but to draw
 3  our property boundaries on, this will work.
 4  BY MR. VIATOR:
 5      Q.   I think you clarified.  One of the questions
 6  I have is with regards to the difficulty to get
 7  everyone to agree on what we owned.  Am I correct that
 8  there was no disagreement on Texas Brine's ownership
 9  of the property at issue in this case?
10              MR. MADIGAN:  Object to form.
11      A.   That is correct.
12  BY MR. VIATOR:
13      Q.   With regards to -- let me ask you this:  In
14  your e-mail, one of the sentences in your April 17,
15  2014 e-mail is, "I think it's safe to say that based
16  on this map, Dow, Oxy, and Georgia Gulf all have
17  cavern boundaries within 100 feet of our fee property
18  and, therefore, are considered to be encroaching per
19  the new DNR regs."  You wrote that, correct?
20      A.   Correct.
21      Q.   And at the time you wrote that, did you
22  believe that to be accurate?
23              MR. MADIGAN:  Object to form.  Go
24  ahead.
25      A.   Yes.
```

1  actual knowledge of any prohibited employment or
2  contractual relationship, direct or indirect, between
3  a court reporting firm and any party litigant in this
4  matter, nor is there any such relationship between
5  myself and a party litigant in this matter;
6          That I am not related to counsel or to the
7  parties herein, nor am I otherwise interested in the
8  outcome of this matter.
9          SIGNED THIS 28TH DAY OF JULY, 2017.

12         RITA DEROUEN, CCR, RPR