UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEXAS BRINE COMPANY, LLC<br>*Plaintiff*<br>VERSUS<br><br>DOW CHEMICAL COMPANY, ET AL<br>*Defendants* | CIVIL ACTION: 15-1102<br>c/w 15-03324<br><br>SECTION: "N" (1)<br><br>JUDGE KURT D. ENGELHARDT<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

**OPPOSITION TO TEXAS BRINE COMPANY, LLC AND LOUISIANA SALT, LLC'S MOTION TO EXPEDITE (1) TEXAS BRINE COMPANY, LLC AND LOUISIANA SALT, LLC'S MOTION TO COMPEL OCCIDENTAL CHEMICAL CORPORATION TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENA, AND (2) OCCIDENTAL CHEMICAL CORPORATION'S MOTION TO QUASH RULE 45 SUBPOENA**

NOW INTO COURT comes non-party Occidental Chemical Corporation ("Oxy") and respectfully opposes the "Motion to Expedite (1) Texas Brine Company, LLC and Louisiana Salt, LLC's Motion to Compel Occidental Chemical Corporation to Produce Documents Responsive to Subpoena, and (2) Occidental Chemical Corporation's Motion to Quash Rule 45 Subpoena" filed January 29, 2018 by Texas Brine.

Movants seeking expedited relief generally must show good cause. *See Source Prod. & Equip. Co. v. Schehr*, No. CV 16-17528, 2017 WL 45221, at *1 (E.D. La. Jan. 4, 2017) (citing cases denying ex parte relief due to lack of explanation of why it was necessary); *Jamdat Mobile Inc. v. Jamster Int'l Sarl Ltd.*, No. CV 05-3945 PA (FMOx), 2005 WL 5960924, at *1 (C.D. Cal. Oct. 4, 2005) (internal quotation marks omitted) (ex parte movant must show prejudice from hearing according to regular noticed procedures, and that movant is without fault in creating the crisis leading to need for ex parte relief). Here, Texas Brine has not even attempted to show why

1

it seeks to impose an expedited schedule on a non-party. On the contrary, the need for expedited consideration appears to arise from Texas Brine's own delay in completing discovery in this action. As explained in its January 26, 2018 Motion to Quash, non-party Oxy received a Rule 45 subpoena containing a broad set of document requests on January 10, 2018, within a month of the February 9th discovery cutoff. After negotiations with the parties did not resolve Oxy's objections to the subpoena, Oxy filed a Motion to Quash. Texas Brine has now filed a Motion to Compel that appears wholly duplicative of the Motion to Quash, placing upon Oxy—again, not a party to this case—the burden of briefing not one, but two discovery motions.

Given Texas Brine's delay in serving the subpoena close to the close of discovery, Oxy does not believe that, as a non-party, it should be forced to litigate two duplicative motions on an expedited schedule.  Oxy respectfully requests that Texas Brine's Motion to Expedite be denied.

Respectfully submitted,

   */s/ Richard Hymel*
RICHARD HYMEL (#20230)
**MAHTOOK & LAFLEUR**
600 Jefferson Street, 10th Floor
Lafayette, LA 70501
Telephone:    (337) 266-2186
Facsimile:     (337) 266-2303

BETHANY W. KRISTOVICH (*Pro Hac Vice* pending)
(Trial Attorney per LR 11.2)
ELLEN M. RICHMOND (*Pro Hac Vice* pending)
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone:(213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Occidental Chemical Corporation*

2

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Lafayette, Louisiana, this 29th day of January, 2018.

                                         */s/ Richard Hymel*
                                         Richard Hymel