UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEXAS BRINE COMPANY, LLC | CIVIL ACTION |
| VERSUS | NO. 15-1102 c/w<br>15-3324 |
| DOW CHEMICAL COMPANY, ET AL. | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court are three motions filed by the parties. *See* Rec. Docs. 205, 207, and 326. Having carefully reviewed the parties' submissions, the record in this matter, and applicable law, the Court rules on the motions as stated herein.

(1) **IT IS ORDERED** that Defendants' "Motion for Partial Summary Judgment on Plaintiffs' Claims for Continuing Tort and Continuing Trespass" (Rec. Doc. 205) is **GRANTED** relative to Plaintiffs' claims premised on active solution mining operations that ceased in 2010. Given the facts at hand, involving a sub-surface cavern (with a "helicopter wing" allegedly extending onto Plaintiffs' property) created by mining operations that ceased in 2010 – *ie.,* a permanent change to the physical condition of the immovable property caused by conduct that has concluded, rather than ongoing conduct giving rise to successive damage[1] – the Court finds the

---

[1] Such conduct renders this case distinguishable from continuing tort/trespass cases cited by Plaintiffs involving a defendant's ongoing failure to remove an object (capable of being removed) that the defendant previously placed onto a plaintiff's property. *See, e.g., Estate of Patout v. City of New Iberia,* 813 So.2d 1248 (La. App. 3 Cir.), *writ denied*, 819 So.2d 335 (La. 2002)(continued presence of garbage constituted continuing tort); *see also Tujague v. Atmos Energy Corp.*, 442 F. Supp. 2d 321, 325 (E.D. La. 2006) (prescription did not begin to run until pipeline and debris were removed from plaintiff's property). As characterized by Defendants, the conduct at issue there, unlike here, is essentially the ongoing *storage* of items on immovable property owned by another.

Louisiana Supreme Court's opinion in *Hogg v. Chevron USA, Inc.,* 45 So. 3d 991 (La. 2010) controlling and preclusive. As reasoned in *Hogg*, "no additional causes of action continue to accrue merely because the damage continues to exist and or even progressively worsens." *Id.* at 1033; *see also Crump v. Sabine River Auth.*, 737 So. 2d. 720 (La. 1999) ("A continuing tort is occasioned by [continual] unlawful acts, not the continuation of the ill effects of an original wrongful action"). Thus, even Plaintiffs' assertion of a "continued risk of a catastrophic collapse of the Dow 18 Cavern roof" is immaterial to the extent that its cause is the mining operations that concluded in 2010.

(2) **IT IS ORDERED** that Plaintiffs' "Motion for Summary Judgment That Dow#18 Cavern Is Trespassing" (Rec. Doc. 210) is **DENIED**. Plaintiff's motion relies on the conclusion of its expert, Charles Chabannes, that it is "'highly probable' that the Dow #18 cavern wing is across the property line onto Plaintiff's Property." *See* Rec. Doc. 201-1 at p. 2 of 9. It is the prerogative of the trier of fact to evaluate and determine whether the opinion of an expert witness is credible and determinative of an issue in dispute. *See* Fed. R. Evid. 702(a) (permitting expert witness testimony if expert's knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue")(emphasis added). Accordingly, on the showing made, the Court finds Plaintiff has failed to demonstrate entitlement to a pre-trial ruling as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

(3) **IT IS ORDERED** that Defendants' "Motion to Strike and Exclude all Evidence of Texas Brine Company, LLC's Newly Disclosed Claim for Lost Operating and Overhead Revenue" (Rec. Doc. 326) is **DENIED**. The Court agrees that Plaintiffs have pled, since the inception of this litigation, their entitlement to damages arising from being deprived of the opportunity to operate a solution-mining well. Further, under the circumstances here, excluding all

evidence of such damages because of an inadvertent omission likely constitutes an unduly extreme discovery sanction given that the only prejudice alleged by Defendants is the existence of a deadline(s) that can be modified if necessary.

      New Orleans, Louisiana, this 7th day of February 2018.

                                                  _____
                                                  **KURT D. ENGELHARDT**
                                                  **UNITED STATES DISTRICT JUDGE**

**Clerk to Copy:**

Magistrate Judge Janis van Meerveld