UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEXAS BRINE COMPANY, LLC | CIVIL ACTION |
| VERSUS | NO. 15-1102 c/w<br>15-3324 |
| DOW CHEMICAL COMPANY, ET AL. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court are two motions filed by the parties. *See* Rec. Docs. 198 and 236. Having carefully reviewed the parties' submissions, the record in this matter, and applicable law, **IT IS ORDERED** that Defendant Clifton Land Corporation's "Motion for Summary Judgment" (Rec. Doc. 198) is **DENIED**. Accordingly, **IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Strike Affidavit of Clay Clifton" (Rec. Doc. 236) is **DENIED** as **MOOT**.

With its motion for summary judgment, Defendant Clifton Land Corporation ("Clifton Land") seeks dismissal of Plaintiffs' claims against it, contending that, prior to this suit being filed, it neither knew nor should have known of (1) any alleged encroachment of the Dow #18 solution-mining cavern upon Texas Brine Company's ("TBC) adjacent property; (2) any alleged negligence by Dow that may have caused any Dow #18 encroachment; and (3) any alleged impact to neighboring property as a result of any encroachment by Dow #18. In making these assertions, Clifton Land relies on the alleged personal knowledge of its president, Clay Clifton, as set forth in Mr. Clifton's November 1, 2017 affidavit.

Specifically, Mr. Clifton's affidavit represents that, as trustee for the trust shareholder and then as president of the company (for "approximately four years"), he has been "closely involved with Clifton Land going back to at least 2003," such that he has the necessary "personal knowledge of the structure, operation, and business activities of Clifton Land."[1] Disclaiming any awareness of Dow #18's alleged encroachment or "harmful impact" on neighboring property, Mr. Clifton avers that Clifton Land is neither involved in the solution-mining industry nor a sophisticated party in the context of solution-mining or its ancillary operations.[2] Further, according to Mr. Clifton, Clifton Land has no ingress or egress on the property on which Dow #18 is located (due in part to a fence preventing access), and its receipt of a salt royalty payment is its only connection with Dow's solution-mining operations.[3]

Mr. Clifton undoubtedly is an important source of information relative to many matters concerning Clifton Land. Nevertheless, it is not apparent to the Court, on the instant showing made, that Mr. Clifton's role in company operations was such that, during the relevant time period, he necessarily would have been aware of any and all information sufficient to put Clifton Land on notice of the alleged encroachment, negligence, or negative impact on TBC's neighboring property, if such information existed. Indeed, Mr. Clifton testified that he is kept abreast of "any issue that arises" by Rita Corde Cade, the corporate secretary, who bears responsibility for the company's "day-to-day" operations.[4] Clifton Land's submission, however, does not include an

---

[1] *See* Rec. Doc. 198-4, ¶¶ 2 and 11.

[2] *Id.* at ¶ 7.

[3] *Id.* at ¶¶ 8-10.

[4] *See* Rec. Doc. 236-6 (Sealed) at p. 4 of 20.

2

regarding Dow's solution mining operations at Dow #18 and their alleged impact on TBC's neighboring property. Accordingly, the Court does not find itself to presently be in a position to declare Clifton Land entitled, as a matter of law, to a pre-trial dismissal of Plaintiffs' claims.[5]

New Orleans, Louisiana, this 23rd day of February 2018.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**Clerk to Copy:**

Magistrate Judge Janis van Meerveld

---

[5] This ruling is, of course, without prejudice to a subsequent determination by the Court, at the close of the evidence at trial, that Plaintiffs have failed to satisfy their evidentiary burden such that judgment as a matter of law in Clifton Land's favor is then warranted. *See* Fed. R. Civ. P. 50(a). Indeed, the particulars of the duty of care that Plaintiffs urge upon Clifton Land, in its sole capacity as the owner of the immovable property on which Dow operated Dow #18, presently remain rather unclear. For instance, it is far from evident here that mere knowledge of the basis for Clifton Land's 2004 suit against Dow, alleging Dow's deficient operation of a different cavern well, *Dow #13*, had caused subsidence of Clifton Land's property – or even an "intuitive understand[ing]" that Dow's [salt extraction] operations posed potential risks – translates into notice of and liability for the *Dow #18* cavern's alleged *subsurface* encroachment onto TBC's property. *See* Rec. Doc. 253-8 at p. 12 of 20.