UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEXAS BRINE COMPANY, LLC | CIVIL ACTION |
| VERSUS | NO. 15-1102 c/w 15-3324 |
| DOW CHEMICAL COMPANY, ET AL. | SECTION "N" (1) |

**ORDER AND REASONS**

Presently before the Court are two summary judgment motions filed by Defendants. *See* Rec. Docs. 300 and 303. Having carefully reviewed the parties' submissions, the record in this matter, and applicable law, the Court rules on the motions as stated herein.

(1) **IT IS ORDERED** that Defendants' "Motion for Summary Judgment" (Rec. Doc. 300) is **GRANTED IN PART** and **DENIED IN PART**. With respect to the claims asserted by Louisiana Salt, LLC ("Louisiana Salt"), the motion is granted. As set forth in the February 7, 2018 Order and Reasons (Rec. Doc. 423), the Court previously rejected Plaintiffs' assertion that the continued existence of the Dow 18 cavern "wing" resulting from Dow's solution-mining operations, which ceased in 2010, constitutes a continuing tort. And, because Texas Brine Company, LLC ("TBC"), not Louisiana Salt, owned the immovable property at issue during the time that Dow's solution mining operations created the Dow 18 cavern wing, and TBC has not assigned its legal rights relative to those operations, the subsequent purchaser doctrine deprives Louisiana Salt of any direct right of recovery against Dow relative to the cavern wing's subsurface trespass. Finally, though Dow's ongoing pressure monitoring operations have continued during Louisiana Salt's

ownership, the Court has not been presented with any evidence of additional damage caused by that particular conduct. Accordingly, Louisiana Salt's claims against Defendants are dismissed with prejudice.

With respect to TBC, however, the motion is denied. In short, the Court is not presently convinced that TBC's receipt of cash consideration totaling $4,100,000, upon its transfer of the property at issue to Louisiana Salt, fully compensated it, as a matter of law, for the damages it asserts relative to Dow 18's solution mining operations. This ruling is, of course, without prejudice to a contrary determination by the Court, at the close of the evidence at trial,[1] that TBC has failed to adequately demonstrate that the $4,060,000 appraised market value amount attributed to the property in December 2014 actually is *not* a proper valuation of the property's surface and mineral deposits, as of the pertinent time period, taking into account all relevant market conditions *and* the property's future earning potential.[2] This ruling is likewise not determinative of the impact that the Court's resolution of Dow's several pending motions to strike or exclude testimony (Rec. Docs. 317, 407, 408, 411, 414, 417, and 434) might have.

---

[1] *See* Fed. R. Civ. P. 50(a).

[2] The December 10, 2014 appraisal was completed, at TBC's request, by Truax and Robles Appraisers, LLC. *See* Rec. Doc. 300-10; *see also* Rec. Docs. 300-8, 300-9, and 300-11 (Affidavit of Norbert F. Schexnayder, Jr., ARA, and his related November 2, 2017 review of and opinion regarding the December 10th appraisal).

(2) For essentially the same reasons set forth in connection with the foregoing ruling, and with the same reservations regarding other pending motions, **IT IS FURTHER ORDERED** that Defendants' "Motion for Partial Summary Judgment on Lost Profits" (Rec. Doc. 303) is likewise **DENIED IN PART (**as to TBC) and **GRANTED IN PART (**as to Louisiana Salt).

New Orleans, Louisiana, this 28th day of February 2018.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**Clerk to Copy:**

Magistrate Judge Janis van Meerveld