UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEXAS BRINE COMPANY, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-1102 c/w<br>15-3324 |
| DOW CHEMICAL COMPANY, ET AL. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court are several motions seeking to exclude witness testimony. The Court rules on the motions stated herein.

1.  **IT IS ORDERED** that, on the showing made, the "Motion in Limine to Exclude the Report and Testimony and Opinions of Dr. Joel Warneke" (Rec. Doc. 407) is **GRANTED** relative to expert testimony from Dr. Warneke. Specifically, the parties' submissions and the remainder of the record reflect that Plaintiffs previously re-designated Dr. Warneke as a <u>non-testifying</u> expert,[1] and have not subsequently supplemented their discovery responses to withdraw or modify that designation. Nor have Plaintiffs identified any other means by which Defendants were subsequently notified that Dr. Warneke's non-testifying status had changed such that he would be testifying in a capacity other than as a fact witness.

With respect to Dr. Warneke's expert report, such hearsay documents typically are not admissible into evidence absent a stipulation by the parties or applicable evidentiary exception. Thus, should Plaintiff Texas Brine Company, LLC ("Texas Brine") seek to introduce Dr. Warneke's

---

[1] *See* Rec. Docs. 130-1, 132, and 167-1.

report into evidence at trial, it must also establish the existence of a pertinent stipulation, or the report's admissibility pursuant to applicable Federal Rules of Evidence.

2. **IT IS ORDERED** that, on the showing made, the "Motion to Exclude Testimony and Opinions of Charles Chabannes" (Rec. Doc. 408), relative to sonar surveys tending to indicate an encroachment of the cavern wall of Dow 18 onto Texas Brine's property, the volume of over-mined salt, and an increased risk of subsidence, is **DENIED**. Subject to a proper foundation being established for Mr. Chabannes' testimony, Defendants' objections primarily address issues of weight rather than admissibility.

3. **IT IS ORDERED** that, on the showing made, Defendants' "Motion to Exclude the Testimony of Leo Van Sambeek" (Rec. Doc. 411), relative to whether the "cavern-field layout" proposed by Dr. Van Sambeek "will be permitted by the Louisiana Department of Natural Resources" is **REFERRED TO TRIAL** for consideration.

4. Subject to the Court's forthcoming rulings on Defendants' motions to exclude testimony from Bruce Martin, Ted Grabowski, R. Wayne Sneed, and Mark Cartwright (Rec. Docs. 417, 437), and a proper foundation being established for Ms. Sharp's testimony regarding various loss calculations, **IT IS ORDERED** that, on the showing made, Defendants' "Motion to Exclude Testimony of Holly Sharp Regarding Lost Profits" (Rec. Doc. 414) is **DENIED**. Defendants' objections primarily address issues of weight rather than admissibility.

New Orleans, Louisiana, this 14th day of March 2018.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**